HARRIET R. HOLMES,

vs.

HENRY H. WILLIAMS, *et al.*

A claim for damages for withholding one parcel of land, is improperly united with a claim to recover the possession of another parcel with damages for the withholding thereof.

A complaint which shows that defendants were lawfully in possession at the time that plaintiff's title accrued, does not state a good cause of action to recover the possession of the land, if it neither alleges, nor states facts, which show, that defendants since unlawfully withhold the possession from the plaintiff; nor a cause of action to recover damages for the withholding thereof. An allegation that plaintiff became the owner on a day named, and that defendants' possession has since been without plaintiff's consent, and against her will, and that they denied and disregarded her rights in and to the premises, states no fact whereby defendants' possession became unlawful, and does not amount to an allegation that it was. Nor does the further allegation, as to an undivided moiety of a certain lot, that plaintiff is entitled to the possession thereof, show that defendants' possession of it is unlawful, if it also appear, that defendants are lawfully in possession of another undivided moiety of such lot.

The complaint stated an actual use and occupation by defendants of plaintiff's land, viz : an undivided moiety of certain lots, and it did not appear that such use and occupation was unlawful, but the complaint expressly alleged that it was without plaintiff's consent and against her will. *Held*, that the complaint did not allege a good cause of action in the nature of assumpsit for use and occupation. Nor would such action lie, though defendants were the owners of another undivided moiety, the complaint not alleging any claim made by plaintiff for possession of her moiety, nor any knowledge by defendants of her title.

This action was commenced in the district court for Scott county. The complaint was as follows:

"The plaintiff in the above entitled action, for complaint therein respectfully states and shows to the court, that on the 4th day of April, A. D. 1866, she became seized of the title in fee, and was on that day entitled to the possession of and to the undivided one-half part of the following described land and real estate and appurtenances thereunto belonging, to wit: Lot No. 2 in block 'A,' lot No. 1 in block 'B,' lot No. 2 in block 'C,' lot No. 2 in block 'G,' lot No. 2 in block 'F,' lot No. 1 in block 'H,' lot No. 1, and the undivided one-half part of lot No. 2 in block 'E,' the undivided one-half part of block 'I,' and fractional blocks 'K' and 'L,' all of which is located in 'H. H. Williams' addition to Shakopee city,' in said county of Scott, as appears in the office of the register of deeds in and for said county. And the plaintiff further says, that on the day last aforesaid, the said defendants were in the possession of said premises, and were in the receipt of the rents, issues and profits, and of the whole thereof, and so remained in the possession up to and including the 3d day of May, A. D. 1869, and up to that day the said defendants used, occupied and received the rents and profits of said premises and the appurtenances, which were, during the time aforesaid, worth the sum of $200 per year, and that said possession and holding said premises on the part of said defendants, and the receipt of the rents and profits thereof, so far as the said undivided half thereof was concerned, was without the consent, and against the will of the said plaintiff; and her rights thereto were, during the time aforesaid, by the said defendants wholly denied and ignored, whereby the plaintiff was damaged in the sum of $300.

"Second. And the plaintiff for a further cause of action

against said defendants says, that on the 3d day of May, A. D. 1869, she became, and still is seized in fee simple of the title, and on that day became, and still is, entitled to the following described land and real estate, to wit: Lot No. 2 in block F, lot No. 1 and the undivided one-fourth of lot No. 2 in block E, lot No. 2 in block G, lot No. 3 in block C, lot No. 1 in block H, and fractional block K, all of which is located in and appears upon the plat of. H. H. Williams' addition to Shakopee city, in the office of the register of deeds in and for said county of Scott. And that on the day last aforesaid, the said defendants were in the possession thereof and of the whole thereof, and have, during all the time since that day, remained in the full possession thereof, and have been, and still are, in the receipt of the rents, issues, and profits thereof, which said rents, issues and profits are worth the sum of $100, and that said defendants have so held, occupied and received the rents, issues and profits thereof without the consent and against the will of said plaintiff, and her rights therein and thereto have been by said defendants wholly denied and disregarded, to the damage of said plaintiff in the sum of $100.

"Third. And for a further cause of action against said defendants, the said plaintiff' says, that on the 12th day of August, A. D. 1869, she became, and still is, seized in fee simple of the title, and became on that day, and still is, entitled to the possession of the following described real estate, and to its appurtenances, to wit: One additional undivided one-fourth part of lot No. 2 in block E, in H. H. Williams' addition to Shakopee city, in said county of Scott, as the same appears by the plat thereof on record in the office of the register of deeds in and for said county, and that on said last mentioned day the said defendants were, and all the time since have been. in the possession and

Holmes v. Williams et al.

occupation thereof, without the consent and against the will of the plaintiff; and that the rights and interests of the plaintiff in and to the said land and its appurtenances have been, and still are, wholly denied and ignored by said defendants, to the damage of said plaintiff in the sum of $100.

"Wherefore, the plaintiff demands judgment against said defendants as follows, to wit: 1st. For the sum of $300 for her share of the use, occupation, rents, issues and profits of the tracts and parcels of land mentioned in the first count of this complaint, and for the time therein designated. 2d. For the sum of $100 damages for withholding of the possession of the tracts and parcels of land and its appurtenances mentioned in the second count of this complaint. 3d. For the sum of $100 damages for withholding the tract or parcel of land and its appurtenances mentioned in the third count of this complaint. 4th. That by the proper order or judgment of this court, the possession of the land and real estate designated in the second and third counts of this complaint, be delivered to the plaintiff, and that said defendants be ejected and removed therefrom, and for such other or further relief as to the court may seem just and proper in the premises, with the costs of this action."

The defendants interposed the following demurrer:

"The defendants in the above entitled action demur to the plaintiff's complaint therein, and assign or allege the following causes or grounds of demurrer, to wit: 1st. That several causes of action are in the said complaint improperly joined or united in the action. 2d That the said complaint does not state facts sufficient to constitute a cause action. And these defendants demur to the first and third counts or alleged causes of action contained in the said complaint, and to each of them, and assign or allege the

following causes or grounds of demurrer to the said first and third counts, and to each of them, to wit : 1st. That there is a defect of parties plaintiff in said counts, in that the plaintiff alleges title to only an undivided interest or share of the premises, or real estate described in each of said counts, and the owner or owners of the other undivided share or shares thereof are tenants in common of said premises with plaintiff, and necessary parties plaintiff to the action for the causes alleged in said counts.

" 2d. That the said first and third counts in the said complaint do not identify or disclose the names of the plaintiff's co-tenants in common of the premises described therein, and who are necessary parties plaintiff to the action, so far as the same rests on these counts. These defendants therefore demand judgment against said plaintiff for their lawful costs and disbursements in this action, and that they be hence dismissed without day."

The court below sustained the demurrer on the first ground stated, and the plaintiff appeals to this court.

L. M. Brown for Appellant.

Chatfield & Irwin for Respondents.

*By the Court*,—Ripley, Ch. J.—If we were to assume, that each count in this complaint sets out, as the appellant insists that it does, a cause of action for damages for wrongfully withholding distinct parcels of real property, and also, in accordance with what from the demand for judgment would appear to have been the theory of the pleader who drew the complaint, that the second and third counts state, in addition thereto, a cause of action to recover the possession of the real property therein described, it would follow that the demurrer was rightly allowed for the cause assigned

by the district court, viz : that several causes of action are improperly joined in the complaint.

A joinder of a cause of action to recover possession of certain real property and damages for withholding it, with a cause of action for damages for withholding certain other property, is not within *Gen. Stat. ch.* 66, *sec.* 98, *sub.* 5, relied on by appellant, and, obviously, is not within sub. 1 of said section. Such several causes of action would not all arise out of a transaction connected with one subject of action. And not only does each count in this complaint describe different parcels of real estate, but plaintiff's title thereto is stated to have accrued at different dates.

But we do not think the second and third counts state a cause of action in ejectment. They both show that the defendants were lawfully in possession when plaintiff's title accrued. The plaintiff must therefore allege, or state facts showing, that they since unlawfully withhold the possession from the plaintiff. This she does not do.

The second count alleges that plaintiff became the owner of the land therein described on the 3rd May, 1869. It does not necessarily follow that defendant's possession thereupon became unlawful. The allegation, for instance, is entirely consistent with defendants' holding under an unexpired lease from plaintiff's grantor. So too, is the statement that defendants' possession was without plaintiff's consent and against her will. That they denied and disregarded plaintiff's rights in and to the premises, states no fact whereby defendants' possession became unlawful, and does not amount to an allegation that it was. What rights she had to possession which defendants denied and disregarded are not stated. In ejectment plaintiff must recover on her right of possession at the commencement of the action. 8 *Minn.* 254, 257.

The third count relates to an additional undivided one-fourth of a tract, another undivided fourth of which is described in the second count. The additional allegation, [wherein this count differs from the preceding one,] that as to this one-fourth plaintiff is entitled to possession, does not help the case. We have just seen that defendants' possession of the one-fourth described in the second count is lawful as against plaintiff. In the very nature of things defendants could not be in possession of one undivided moiety, without being in possession of the other also. Therefore, if their possession of the one was lawful, their possession of the other must be. *Rising v. Stannard*, 17 *Mass*. 282. Their possession would be plaintiff's possession, in the absence of facts which would prove an ouster, and none such are alleged.

The complaint, therefore, is not demurrable for the reason assigned by the court below.

The plaintiff says that all three counts are for damages for wrongfully withholding from her the possession of her real estate. Neither however in our opinion states a good cause of action therefor, nor any cause of action whatever against defendants. The demurrer is therefore to be sustained on the second ground therein specified.

We have seen that the second and third counts allege no wrongful withholding of possession by defendants, nor any facts to show that their originally lawful possession had become unlawful. Plaintiff's supposition is therefore erroneous in respect to these counts. She is equally mistaken as to the first count, which like the others admits defendants to have been lawfully in possession of the whole of the land therein described at the time plaintiff's title accrued to the undivided one-half thereof; and while it neither alleges nor states facts to show that this afterwards

became unlawful as to such one-half, it leaves defendants' continued possession of the other moiety not only lawful, but with plaintiff's consent.   In that case the possession of the other must also, as already stated, have necessarily been lawful.

The complaint, evidently, means to charge, and, we think, does charge an actual use and occupation and taking of the profits by defendants themselves, not the receipt of rent from tenants occupying under them.   But it cannot be sustained as an action for use and occupation.   Assumpsit for use and occupation will not lie unless there be a contract express or implied between the parties.   *Chitty on Contracts p.* 331.

The law, it is true, will imply a contract from the fact that defendants have been in occupation of plaintiff's land, if such holding has been with plaintiff's assent (*Ib. p.* 330, *n.* 1); but this complaint expressly negatives such assent, and thereby rebuts such implication.   *Boston vs Binney* 11 *Pick.* 1; *Mayo vs. Fletcher* 14 *Pick.* 525.   If it be said, that plaintiff can waive the tort and bring assumpsit, the reply is, there is no tort alleged; defendants' possession is not shown to have been unlawful.   *Boston vs. Binney,* 11 *Pick.* 9.

If it should be urged that defendants' possession of the moiety described in the first count to which plaintiff lays no claim, will be presumed to be that of owner and tenant in common with plaintiff, it must be answered, that if such co-tenancy had been directly alleged, the action for use and occupation would still not lie, no claim for possession of her moiety being alleged to have been made by plaintiff, nor any knowledge by defendants of her title.   1 *Wash. Real Prop. ch.* 13, *sec.* 15; 12 *Mass.* 149; 4 *Met.* 413.   Nor would such count, in the case supposed, be good as a cause of action

by one co-tenant against others who had received more than their share of the rent, even supposing that it could rationally be construed to mean that defendants' lessee instead of themselves had been in the actual occupation. The rents and profits are alleged to have been worth $200 a year, but that defendants received that or any other sum of money as rent is not alleged.

Order affirmed.