EDWARD BENSON *vs.* WILLIAM B. SILVEY *et al.*

Submitted on briefs Oct. 31, 1894.    Affirmed Nov. 12, 1894.

No. 9065.

**Jurisdiction of actions brought by creditors of a foreign corporation against resident stockholders.**

The municipal court of Duluth has no jurisdiction in actions for equitable relief. An action was brought in that court by a creditor of a foreign corporation, against two of its stockholders, to recover the amount of his debt, on the ground of their statutory liability. *Held,* this is not an action for equitable relief, but an action at law, and the court has jurisdiction, even though it is not the proper action, but an action in equity, involving all the creditors and all the stockholders, should have been brought; that a demurrer for want of jurisdiction is not the proper remedy.

Appeal by defendants, William B. Silvey, Alfred E. McCordic, Wilson G. Crosby and John F. Cargill, from an order of the Munic-

ipal Court of the City of Duluth, *Eric Winje*, J., made January 15, 1894, overruling their demurrer to the complaint.

The plaintiff, Edward Benson, between June 7, and August 12, 1893, at Iron River, Wis., performed labor for the Iron River Brownstone Company, a Wisconsin corporation, at its request and for which it promised to pay him $69.20, but failed to do so. He brought suit in the Municipal Court of the City of Duluth against the corporation and on September 15, 1893, recovered judgment against it for $82.10 the amount of his said claim with interest and costs. An execution was issued thereon, but was returned unsatisfied. The corporation was insolvent. The defendants are stockholders and were when the service was performed, each holding $1,000 of the stock of the corporation. A statute of Wisconsin makes the stockholders of every corporation other than railroad corporations personally liable to an amount equal to the stock owned by them for debts to clerks, servants and laborers for services performed for such corporations, but not exceeding six months service in any one case. Wis. G. S. § 1769. The complaint stated these facts and demanded judgment against defendants for $82.10 interest and costs.

Defendants demurred to the complaint on the sole ground that the Municipal Court of Duluth has no jurisdiction of the subject of the action. The demurrer was overruled and the defendants appeal.

*McCordic & Crosby*, for appellants.

If this liability imposed by the foreign statute can be enforced in this state it must be under the provisions of our statute for enforcing a similar liability imposed by the constitution or laws of this state. The remedy is governed by the law the forum. *First Nat. Bank* v. *Gustin M. C. Min. Co.*, 42 Minn. 327. The only remedy provided in such a case by the statutes of Minnesota is to be found in 1878 G. S. ch. 76. This statute, however, expressly provides that any action brought to enforce the liability of stockholders shall be brought in the District Court. § 17. The only other remedy against stockholders provided by our statutes is contained in 1878 G. S. ch. 34, §§ 9, 10 and 11. But the latter statute has no application to the present case for the reason that by the terms of the statute itself the remedy is limited to actions upon unpaid instal-

ments on stock, or where there has been a failure on the part of the corporation to properly organize, or where the stockholder has been unfaithful in the discharge of an official duty. There is no allegation in this complaint of any fact or facts which would bring this action within the statute just referred to.

The Municipal Court of Duluth has no jurisdiction of an action where the relief demanded is of an equitable nature. Sp. Laws 1891, ch. 53, § 2, subd. 2.

An action to enforce stockholders' liability of this kind is an equitable action. This has been held several times in the decisions of this state as well as in the decisions of the Supreme Court of Wisconsin. An action to enforce stockholders' liability of this kind must be in the nature of a suit in equity prosecuted on behalf of all creditors against the corporation and against all the stockholders on whom such liability rests. *Allen* v. *Walsh*, 25 Minn. 543; *Johnson* v. *Fischer*, 30 Minn. 173; *Mohr* v. *Minnesota Elevator Co.*, 40 Minn. 343; *McKusick* v. *Seymour Sabin & Co.*, 48 Minn. 158; *In re People's Live Stock Ins. Co.*, 56 Minn. 180; *Coleman* v. *White*, 14 Wis. 700.

*John Rustgard*, for respondent.

The action at bar is an action on contract for the recovery of a specific sum of money. That such action may be brought in the same manner and form as an action in equity, cannot bring it under the clause providing that the court shall not have jurisdiction over actions where the relief demanded in the complaint is equitable in its nature. *Bassett* v. *St. Albans Hotel Co.*, 47 Vt. 313.

When the defendants became stockholders in this corporation they contracted with reference to the law under which the company was incorporated and became liable to the laborers under that contract. *First Nat. Bank* v. *Gustin M. C. Min. Co.*, 42 Minn. 327.

But an action to enforce the double liability of stockholders is not necessarily in the form of a suit in equity. The liability of stockholders is not a joint liability and the action may be brought against one or more, as the plaintiff sees fit. *Dodge* v. *Minnesota Plastic Slate-Roofing Co.*, 16 Minn. 368; *Merchants' Nat. Bank* v. *Bailey Mfg. Co.*, 34 Minn. 323.

From the complaint there does not appear to be more than one creditor, nor more stockholders than the defendants, and as such this is an action arising on contract for the recovery of money only, and within the jurisdiction of the court in question.

CANTY, J. This is an appeal from an order overruling a demurrer to the complaint. The ground of demurrer was that the court has no jurisdiction of the action.

The complaint alleges that the Iron River Brownstone Company is, and during the times therein specified was, a corporation organized under the laws of Wisconsin; that plaintiff performed manual labor and services for it, at its request, between specified dates, not six months apart, of the value of $69.20, which is unpaid; that during all of said times the defendants were, and still are, stockholders in said corporation; that each of them then held, and still holds and owns, shares of such capital stock of the par value of $1,000; that section 1769 of the Wisconsin Statutes, as compiled and published in 1889, is as follows:

"The stockholders of every corporation, other than railroad corporations, shall be personally liable to an amount equal to the stock owned by them respectively in such corporation, for all debts which may be due or owing to its clerks, servants and laborers for services performed for such corporations, but not exceeding six months' service in any one case."

Under a statute somewhat similarly worded, the Supreme Court of Wisconsin holds the liability of the stockholder to be primary and absolute, attaching at the moment the debt is contracted. *Coleman* v. *White*, 14 Wis. 762.

This action was brought in the Municipal Court of Duluth. The statute provides that the jurisdiction of that court shall not extend to any action "wherein the relief demanded in the complaint is equitable in its nature." Sp. Laws 1891, ch. 53, § 2.

Appellants do not contend that the courts of this state cannot enforce the statutory liability of the stockholders of a foreign corporation, but claim that it cannot be done in an action at law; that an action to enforce a stockholder's liability must be an equitable action, involving all the creditors and all the stockholders; and

that, therefore, the Municipal Court has no jurisdiction. It is true that the fund provided by the stockholders' liability is limited to the amount of the capital stock, and that, where a fund thus limited is provided for creditors, it belongs to all of them alike, to the extent of their claims, and if insufficient, in proportion to their claims, that they are tenants in common in the fund; and that the action should be by, or in behalf of, all the creditors against all of the stockholders. Conceding this, it does not follow that the right of each creditor to the fund is an absolute property right, or that this is anything more than a rule applied as far as practicable in equity proceedings, and which may be modified when obstacles to its application exist, such as the nonresidence of some who are proper or necessary parties to the action.

If an action will lie in this state on the liability of such stockholder in a foreign corporation, it ought to be a sufficient excuse for failing to bring in necessary parties that they are beyond the jurisdiction of the court.

Conceding that the complaint in this action should have stated some excuse for not making the other stockholders parties defendant to this suit, the failure to do so is merely a defect of parties defendant; and conceding, also, for the purpose of argument, that the action should have been brought by all of the creditors, the failure of the other creditors to join is merely a defect of parties plaintiff. These defects can be waived by failing to object to them either by demurrer or answer.

Suppose the defendants thus waive these defects, if such they are, and the action proceeds to judgment against them. Will that judgment be void for want of jurisdiction? If not, then a demurrer will not lie on such ground. We are clearly of the opinion that such judgment would be valid. This is not an equity action, but an action at law, of which the court below has jurisdiction, if permitted to proceed. It seems to us that the real position of appellants is that they have demurred, not because this is an equity action, but because it ought to be. The fact that plaintiff brings an action at law, of which the court has jurisdiction, when it appears that he should have brought an action in equity, of which the court would not have had jurisdiction, does not make the complaint de-

murrable for want of jurisdiction.   The remedy is by demurrer on other grounds, or by making the objection by proper allegations in the answer.

The order appealed from is affirmed.

GILFILLAN, C. J., took no part.

(Opinion published 60 N. W. 847.)