## JOSEPH W. REYNOLDS v. JOHN McNAMARA.[1]

October 13, 1911.

Nos. 17,285—(158).

**Objection to evidence — sufficiency of pleading.**

A ruling of the court sustaining an objection to any evidence under a complaint or answer, as the case may be, on the ground that the pleading objected to does not state a cause of action or defense, need not be followed by an offer of evidence in support of the allegations of the pleading. The objection goes to the sufficiency of the pleading, and not to the competency or relevancy of the evidence.

**Objection to pleading at time of trial.**

In an action to quiet title to land where the complaint discloses the source of plaintiff's title, plaintiff may perhaps insist that any adverse title relied upon by defendant be specifically set out in his answer. But a general allegation of ownership is sufficient as against an objection made for the first time on the trial of the action.

Action in the district court for Pine county to determine adverse claims to certain real property. The case was tried before Stolberg, J., who ordered judgment in favor of plaintiff. From an order granting defendant's motion to set aside the judgment and for a new trial, plaintiff appealed. Affirmed.

S. F. White and J. W. Reynolds, for appellant.

L. H. McKusick and J. C. Nethaway, for respondent.

[1] Reported in 132 N. W. 748.

Brown, J.

This action was brought to quiet title to certain real property. The complaint alleged that plaintiff was the owner of the property, and the allegations thereof disclosed the source of his title. The answer consisted (1) in a general denial; (2) a disclaimer as to part of the land; and (3) an affirmative, but general, allegation that defendant was the owner in fee of the remainder thereof, which was specifically described. In reply to the answer plaintiff interposed a general denial. When the cause came on for trial, plaintiff established by proper evidence ownership of all the land in accordance with the chain of title set out in the complaint and rested his case. Plaintiff then objected to the introduction of any evidence under the allegations of the answer, particularly any evidence of a tax title in defendant, on the ground that no such title was pleaded in the answer. The court sustained the objection, and ordered judgment for plaintiff. Subsequently a new trial was granted on defendant's motion on the ground that in so ruling the court erred.

It is contended by plaintiff that the court below erred in granting a new trial because (1) defendant at the trial made no offer of evidence tending to show an adverse title to the land that called for a ruling or which could be the subject of a valid exception by either party; and (2) that, if proper evidence had been offered, it must have been excluded because the answer was insufficient, and it is insisted that there was therefore no basis for the order granting a new trial. Neither contention is sound.

1. At the conclusion of plaintiff's case his counsel objected to the introduction of any evidence by defendant on the ground that, since the source of plaintiff's title was disclosed by the complaint, defendant was required to specially plead in his answer such defenses as he intended to rely upon at the trial. The court sustained the objection, whereupon defendant's counsel offered to "show ownership of land described in the complaint under tax title." Plaintiff made no objection to the offer, but the court remarked that defendant could not show such ownership because not pleaded. Here the trial ended, and judgment was ordered for plaintiff.

It may be conceded that the offer of evidence was insufficient.

It was not accompanied with the documents tending to support it. But no offer of evidence was necessary. The objection made by plaintiff to the introduction of any evidence by defendant raised the question whether the answer stated a defense. The court ruled that it did not; thus rendering the tender of evidence a useless ceremony. The situation is identical with the case where defendant at the opening of the trial objects to the introduction of any evidence on the part of plaintiff on the ground that the complaint fails to state a cause of action. Plaintiff in that case is not required to follow the ruling sustaining the objection with an offer of evidence. In such a case the sufficiency of the pleading, not the competency or relevancy of the evidence, is the only question presented.

2. If it be granted that, since the complaint disclosed the source of plaintiff's alleged title to the land, plaintiff had the right to insist that defendant specially and specifically plead any affirmative adverse title, the right was clearly waived by not seasonably raising the objection. Under the rules of pleading in this state the general allegation of ownership in defendant was sufficient. (McArthur v. Clark, 86 Minn. 165, 90 N. W. 369, 91 Am. St. 333), and, if plaintiff desired more specific information concerning the ownership so alleged, the question should have been raised by motion to make the answer more definite and certain, or perhaps by demurrer. The objection was not so raised; on the contrary, plaintiff acquiesced in the sufficiency of the pleading by replying thereto, thus joining issue upon the alleged ownership. The situation would be different if an answer in such a case wholly failed to state a defense. But, as stated, this answer sufficiently pleaded title in defendant, and the most that can be said is that plaintiff perhaps had the right to require defendant to specially set out the foundation thereof. The trial court was therefore right in concluding that it was error on the trial to hold the answer insufficient.

The case of Kennedy v. McQuaid, 56 Minn. 450, 58 N. W. 35, and other similar cases, cited by plaintiff, holding that, where the complaint discloses the source of plaintiff's title, defendant cannot, under a general denial, offer evidence of an outstanding title, are not in point. Defendant did not in the case at bar rest upon his

general denial, but, in addition thereto, affirmatively alleged title in himself. This differentiates the cases.

Order affirmed.