RANDALL PRINTING COMPANY and Others v. SANITAS
MINERAL WATER COMPANY and Others.[1]

January 17, 1913.

Nos. 17,771, 17,803—(140, 141).

**Assignment of error.**

In this action by creditors of a corporation to recover of stockholders
thereof unpaid stock subscriptions, it is *held* that the point that a judgment
obtained by one of the plaintiffs against the corporation was rendered with-
out jurisdiction of the defendant is not available to appellants here, there
being no assignment of error challenging the finding that such judgment
was duly recovered.

**Insolvent foreign corporation — action against resident stockholders.**

An action in the nature of a creditor's bill under R. L. 1905, § 3173, to
reach unpaid stock subscriptions by resident stockholders of a foreign cor-
poration, may be maintained in this state. Conceding that an action under
R. L. 1905, § 2865, will not lie to recover unpaid subscriptions to the stock
in a foreign corporation, the complaint in this case was sufficient as a com-
plaint under section 3173, save for a defect of parties plaintiff or defendant,
and such defect, not having been objected to by demurrer or answer, was
waived.

**Reason for recovery of unpaid stock subscriptions — local law governs.**

The right of creditors to recover of stockholders in a corporation unpaid
stock subscriptions does not depend upon constitutional or statutory provi-
sions imposing a liability of stockholders to the corporation, but is based
upon fraud. The remedy is governed by the law of the forum, and there
is no distinction between domestic and foreign corporations in respect to
such right of creditors to recover.

[1] Reported in 139 N. W. 606.

Note.—The general question of the conditions precedent to equitable reme-
dies of creditors, is discussed in an extensive note in 23 L.R.A.(N.S.) 1.

As to the effect of the issuance of stock at discount on stockholder's lia-
bility for debts, see note in 8 L.R.A.(N.S.) 263.

As to the right to enforce stockholders' liability outside of state of in-
corporation, see notes in 34 L.R.A. 737 and 33 L.R.A.(N.S.) 895.

**Consideration for stock issued.**

A corporation, unless prohibited by constitutional or statutory provisions, may in good faith issue paid shares for the purchase of property or for services actually rendered; but where the stock is not paid for in full, either in money, property, or services, equity will inquire into the actual transaction, including the value of the property or services received as payment. In this case the stock issued to appellants in return for their services as directors, and purporting to be fully paid, was in fact bonus stock, and not paid for by any services rendered.

**Presumption as to creditor.**

When a creditor proves the issuance of stock to a stockholder, and that he subsequently trusted the corporation, it is presumed that he relied upon the subscription, and the representation that the stock was fully paid. The evidence in this case did not show that plaintiffs did not rely upon such subscription and representation when they extended credit to the corporation.

**Finding sustained by evidence.**

The evidence sustains the decision that appellants were stockholders of the corporation at the time the indebtedness to plaintiffs was incurred.

**Admission of evidence.**

There was no error in the rulings on the admission of evidence or in the findings.

Action in the district court for Ramsey county by three creditors of defendant mineral water company, incorporated under the laws of South Dakota, for the appointment of a receiver of defendant company and for an accounting of the amount unpaid and due from the individual defendants upon the stock in that company held by them respectively, and to recover judgment against the individual defendants respectively, for the amounts unpaid by them to the extent necessary to satisfy plaintiffs' claims.

Defendant Thompson, in his separate answer, alleged that he never in any way authorized or consented to the use of his name as a director of the corporation, never subscribed for or purchased any stock therein, but admitted the receipt of a certificate for 2500 shares by mail about December 29, 1908, and alleged that the indebtedness mentioned in the complaint was incurred prior to December 19, 1908.

Defendant Conger, in his separate answer, admitted the receipt of a certificate of shares but alleged that the indebtedness mentioned in the complaint was incurred prior thereto; that he received the certificate upon the agreement that he should not be required to pay money therefor, but should pay in services in advising and directing as to the advertising and introduction of the mineral water. The reply to Conger's answer alleged that, if any such agreement as pleaded was made, such agreement was fraudulent as to plaintiffs.

The case was tried before Hallam, J., who made findings and as conclusion of law ordered judgment, in favor of plaintiffs for the amount of their respective claims, against defendants Conger and Thompson and two other defendants, including the costs of the receivership, but not to exceed $2,500 against any one defendant, directing how the amount due should be ascertained and assessed. The separate motions of the defendants for amended findings were denied. Defendant Thompson appealed from orders denying his motions to amend the findings of fact and for a new trial. Defendant Conger appealed from the order denying his motion for a new trial. Affirmed on both appeals.

*Durment, Moore & Sanborn,* for appellant Conger.
*Farnam & Tappan,* for appellant Thompson.
*Russell L. Moore,* for respondents.

BUNN, J.

This action was brought by plaintiffs, creditors of defendant Sanitas Mineral Water Company, a corporation, to recover of the other defendants, alleged to be stockholders, balances alleged to be due and unpaid on their stock. The case was tried to the court, and a decision rendered to the effect that plaintiffs were entitled to recover the amount of their claims from defendants Conger, Barringer, Ferring, and Thompson. Defendants Conger and Thompson each moved for amended findings and for a new trial, and each appealed from an order denying a new trial.

The facts are these:

Sanitas Mineral Water Company is a corporation, duly incorpo-

rated in June, 1908, under the laws of South Dakota. One Sullivan was the promoter. His plan involved the bottling and selling of mineral water produced by a spring in southern Minnesota, and to obtain prominent druggists and physicians as directors and stockholders. Defendants Conger and Thompson were named as directors in the articles of incorporation, and on the letter heads of the company. July 27, 1908, resolutions were passed at a meeting of the board of directors allotting to each 2,500 shares of the capital stock of the corporation, and authorizing the secretary to "issue scrip" for said amount "for services as director of this company." Defendant Thompson was not present at this meeting, but defendant Conger was, and voted for the resolutions. The stock "allotted" by the resolutions appears from the stockbook to have been issued September 1, 1908. Conger's certificate was delivered to him November 28, 1908, and retained. Thompson's certificate was mailed to him by Sullivan on December 19, 1908, and retained, though Thompson testified to unsuccessful efforts to locate Sullivan, in order to return the certificate. Neither Conger or Thompson ever paid anything for his stock, nor had either performed labor or rendered services that can be considered as payment.

The Constitution of South Dakota provides that "no corporation shall issue stocks or bonds except for money, labor done, or money or property actually received." The indebtedness of the corporation to the plaintiffs accrued in November, 1908. At least one of the claims was reduced to judgment, and an execution levied and returned unsatisfied. It is conceded that the corporation had no property within this state and is insolvent.

We will consider the two appeals together, in so far as the questions argued by either appellant are applicable to both.

1. The first contention is that the municipal court, in which the judgment obtained by plaintiff Fiterman was rendered, had no jurisdiction in that action of the defendant corporation. This claim is based upon the allegation in the complaint in the present case, found true in the findings, that the Sanitas Company on or about January 1, 1909, disposed of all its assets in the state of Minnesota; the argument being that a valid service of a summons cannot be made upon

:a foreign corporation unless it has property within the state. We think this point is unavailable to appellants at this time. It was not made at the trial, and, indeed, it seems to have been conceded that the judgment was regular and valid. In any event, there is no assignment of error that challenges the correctness of the trial court's finding that this judgment was "duly recovered."

2. It is vigorously urged that because the Sanitas Company is a foreign corporation, never authorized to do business in this state, this action will not lie. It is admitted that an action in the nature of a creditor's bill to reach unpaid subscriptions for the benefit of all the creditors of a foreign corporation may be maintained in this state. First National Bank of Deadwood v. Gustin Minerva Con. Min. Co. 42 Minn. 327, 44 N. W. 198, 6 L.R.A. 676, 18 Am. St. 510; Rule v. Omega Stove & Grate Co. 64 Minn. 326, 67 N. W. 60. But it is claimed that this is not such an action, but is an action by part of the creditors on behalf of themselves only, not to impound the unpaid subscriptions for the benefit of all the creditors, but to recover their own claims. In other words, the claim is that the action was brought under R. L. 1905, § 2865, instead of under R. L. 1905, § 3173.

It may be conceded that section 2865 applies only to domestic corporations. Rule v. Omega Co., supra. But admittedly an action under section 3173 might be maintained. The complaint, it is true, does not say that the action is brought on behalf of plaintiffs and all other creditors, nor does it demand any relief in favor of any creditors except the plaintiffs. But no objection was made by either demurrer or answer. If the complaint was deficient, it was so, not because it showed plaintiffs entitled to no relief, but because the action was not brought by or on behalf of all the creditors. It was in the nature of a defect of parties plaintiff, rather than a failure to state a cause of action, or a defect going to the jurisdiction of the court over the subject-matter. The complaint was clearly sufficient as a creditor's bill under section 3173, save for a possible defect of parties plaintiff or of parties defendant. These defects were waived by failing to object to them either by demurrer or answer. Benson v. Silvey, 59 Minn. 73, 77, 60 N. W. 847.

3. It is contended that under the Constitution and statutes of South Dakota appellants are not liable to the corporation for the unpaid stock, and therefore are not liable at the suit of creditors. But the right of creditors to recover does not rest upon statute or contract. The Constitution of South Dakota expressly provides that no corporation shall issue stock, except for money, labor done, or money or property actually received. This prohibition is not, however, sufficient to create an implied contract that the holder of stock shall pay for it contrary to the actual contract of subscription, and no statute of South Dakota is pleaded or proved which creates such a contract. This was the exact situation in Hospes v. Northwestern Mnfg. & Car Co. 48 Minn. 174, 50 N. W. 1117, 15 L.R.A. 470, 31 Am. St. 637, where it was held that there was no ground for implying a promise by the holders of stock to pay for their shares but nevertheless that subsequent creditors, when they can be said to have trusted the corporation upon the faith of such stock, may recover, on the ground of fraud. It is clear, therefore, that the right of action in no wise depends upon statute or contract, but is grounded on fraud. There is, therefore, no distinction between foreign and domestic corporations in this respect, and no need of proving that the stockholders would be liable either to the corporation or to creditors in the state where it was organized. The remedy is controlled by the law of the forum. The Hospes case is conclusive against this contention of appellants, as, indeed, it is on most of the questions raised.

4. It is argued that the stock was issued to appellants for services rendered or to be rendered by them, and therefore that it is not unpaid stock. It is very clear that, under the constitutional provisions quoted, stock could not be issued for "services as director." Rogers v. Gladiator Co. 21 S. D. 412, 113 N. W. 86. And it is equally clear that services of no appreciable value were rendered the corporation by either appellant in payment for his stock. A corporation, unless prohibited by some constitutional or statutory provision, may in good faith issue paid-up shares for the purchase of property, or for services actually rendered; but when the stock is not paid for in fact, either in money, property, or services, equity will not regard the fictitious arrangement by which it is issued as fully paid up, and will

120 M.—18.

inquire into the actual transaction, including the actual value of the property or services which were received as payment. Such inquiry in the instant case made it entirely clear that the stock was issued to appellants as bonus stock, in return for the use of their names as directors, and not in payment for any services performed or to be performed by them.

5. While the basis of the liability of the stockholders to the creditors for unpaid stock subscriptions is fraud, it is fraud in law, constructive fraud, rather than actual fraud; and it is not necessary for the creditors to prove affirmatively that they trusted the corporation in reliance upon the subscriptions. The presumption of reliance is raised when the creditor proves the issuance of the stock and that he subsequently trusted the corporation. It is true that this is not a conclusive presumption; it is one of fact, and may be rebutted. The creditor must have relied upon the representation that the stock issued as fully paid was so in fact, or he was not misled or defrauded; but he is aided by the presumption or inference that he did rely upon the representation. When the stock is issued after the debt is incurred, it is conclusive that the creditor did not rely upon the representation, and thereafter he could not have been misled, and cannot recover. And we think it is correct that whenever it appears that in fact the creditor did not rely upon the stock ownership, and the belief that the stock was paid for as represented, his action must fail. But it is not necessary for the creditor to plead or prove that he relied upon the representation, or the usual elements of actual fraud. And it is not fatal to his cause that as a matter of fact he had no personal knowledge of the amount of the professed capital stock, or of the shares held by any particular stockholder, or what was paid for them. Hospes v. Northwestern Mnfg. & Car Co., supra. Within the rules laid down in that case, we are of the opinion, and hold, that it was not shown as a fact that plaintiffs did not extend credit to the corporation in reliance upon the representation that the stock was fully paid. As before stated, the names of both appellants appeared as directors of the corporation in the articles and on its letter heads. And there was other evidence to support the presumption.

6. Were appellants stockholders at the time plaintiffs trusted the

corporation? It is no defense that appellants had the stock thrust upon them, if they consented to it. It was undoubtedly the scheme of the promoter to obtain the prestige of their reputation as druggists of high standing in the cities, by interesting them in the project. But this could hardly be done without their consent. We have no doubt that both appellants became owners of stock in the company at some time during its brief career, and the only question of any doubt here is as to the time when they became such owners, with reference to the time the indebtedness to plaintiffs was incurred. The indebtedness of the corporation to plaintiffs was for merchandise sold and labor performed prior to November 28, 1908. As before stated, the resolution "allotting" stock to defendants Conger and Thompson was passed in July, 1908. The certificates were issued and dated September 1, 1908. Conger received his certificate November 28, 1908, and Thompson received his December 20, 1908. If, therefore, they were not stockholders until the actual receipt of the stock certificates, they are not liable in this action; but, if they became stockholders prior to the time plaintiffs trusted the corporation, they are liable.

It is well settled that, in order to constitute one a stockholder in a corporation, it is not necessary that the certificate to which he is entitled be issued, for it is merely evidence of his title to the stock shares. Holland v. Duluth Iron M. & D. Co. 65 Minn. 324, 68 N. W. 50, 60 Am. St. 480. The case cited is also authority for the principle that the entries in the books of a corporation are admissible for the purpose of showing who are stockholders, and for the rule that, when the name of an individual appears on the stock book of a corporation as a stockholder, the prima facie presumption is that he is the owner of the stock.

In the case at bar the stock book of the Sanitas Company showed the issuance on September 1, 1908, of 2,500 shares of stock to Conger and the same number of shares to Thompson. Applying the rule of the Holland case, this created a presumption that they were the owners of the stock. The burden of proving that they were not stockholders was upon defendants. As to defendant Conger, there is no fair question that he failed to rebut the presumption. Indeed, the

evidence is sufficient in his case to show a parol subscription for the stock prior to the issuance of the certificate, and to show that he considered himself a stockholder after his agreement to take the stock. As to defendant Thompson, the evidence of a parol agreement of subscription is not so clear; but we must hold that the evidence sustains the decision of the trial court that he became a stockholder prior to the time the indebtedness to plaintiffs was incurred. In addition to the presumption created by the stock book showing him to be a stockholder, he was named as a director in the articles of incorporation, and there is credible evidence that in July, 1908, he was introduced by the promoter and president of the company to its attorney as a director, and failed to resent it, and also that about the same time he conferred with defendant Conger in regard to the affairs of the company. There is also evidence that he attended one or two meetings of the directors. He did not return the certificate mailed to him in December, though the company then and thereafter maintained an office in St. Paul.

7. We find no merit in any of the assignments of error relating to the rulings on the admission of evidence or to the findings, and not covered by what we have said in this opinion.

Order affirmed on each appeal. -

HALLAM, J., having tried the case in the court below, took no part.