SEUBERT, Appellant, v. SCOTT et al., Respondents.

(164 N. W. 75.)

(File No. 4115. Opinion filed August 23, 1917. Rehearing denied November 2, 1917.)

1. **Corporations—Subscriptions on Unfulfilled Condition—Undelivered Stock Certificate—Whether Stockholders De Jure.**

In a suit by a judgment creditor of a corporation to collect from alleged stockholders who had not paid for their stock, **held,** that defendants, who subscribed for the stock upon condition that it should not be issued, delivered or paid for until a person obtained a certain patent and transferred it to the corporation, which condition never accrued, and stock certificates, made out to defendants, remained undetached from corporation stock book and were undelivered, the defendants never became de jure stockholders.

2. **Corporations—Stockholders Defacto—Absence of Holding Out, Effect.**

Subscribers to corporate stock on condition, who, because the condition was unfulfilled, never became stockholders de jure, and never held themselves out to a judgment creditor to be stockholders when the indebtedness for which the judgment was rendered was incurred, were not liable as de facto stockholders to such creditor.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by John Seubert, against D. A. Scott and W. D. Scott, to recover upon corporate stock subscriptions. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Judgment and order affirmed.

*Kirby & Kirby,* for Appellant.

*W. D. Scott,* and *Aikens & Judge,* for Respondents.

(1) To point one of the opinion, Appellant cited: Const. Art. 17, Sec. 8; Civ. Code, Secs. 420, 423, 441, 451-2; Pietsch v. Krause, 93 N. W. 9; 7 Words and Phrases, 6662.

Respondents cited: Kellerman v. Maier (Cal.) 48 Pac. 377; Cal. Civ. Code, Sec. 359; Jefferson v. Hewitt, 37 Pac. 638-9.

GATES, P. J. Action by a judgment creditor of a corporation to collect from alleged stockholders who had not paid for their stock. Judgment for defendants. From the judgment, and an order denying a new trial, plaintiff appeals.

[1] The trial court found that defendants subscribed for stock in the corporation upon the condition that it should not be issued, delivered, or paid for until one Fawick obtained a patent for a transmission for a tractor engine and had transferred the patent to the corporation, which condition never accrued. Certificates of stock were made out to the defendants, and remained undetached from the corporate stockbook, and were never delivered. The defendants, therefore, never became de jure stockholder in the corporation.

[2]. There is nothing in the record tending to show that they held themselves out to plaintiff to be stockholders at the time the indebtedness was incurred for which his judgment was rendered, if at any time; therefore there is nothing tending to show that they should be held to be de facto stockholders, and as such liable to creditors of the corporation. Randall Printing Co. v. Sanitas Mineral Water Co., 120 Minn. 268, 139 N. W. 606, 43 L. R. A. (N. S.) 706.

The judgment and order appealed from are affirmed.