## HERMAN ZANDER v. OLE J. HOLM.
## HUGH E. LEACH, INTERVENER.[1]

April 4, 1924.

No. 23,917.

**Statutory requirement as to payment of capital stock of corporations mandatory.**

1. The matter of the organization of a corporation is regulated by the statute, and its requirements as to the amount of capital stock which must be subscribed and paid for is a material prerequisite, and must be complied with before the corporation may acquire and hold property.

[1]Reported in 197 N. W. 967.

**Plaintiff not entitled to judgment.**

2. The evidence sustains the finding, and justifies the conclusion of the trial court that plaintiff was not the owner of nor entitled to judgment for the note in question.

Action in the district court for Douglas county by the receiver of the Four County Farmers Mill Co-operative Association to recover $50 upon a promissory note. Hugh E. Leach, as trustee of the estate of Kensington Mills, Inc., bankrupt, interposed his complaint in intervention. The case was tried before Nye, J., who made findings and ordered judgment in favor of intervener. From an order denying his motion for amended and additional findings and conclusions or for a new trial, plaintiff appealed. Affirmed.

*George S. Grimes,* for appellant.

*Constant Larson,* for respondent.

QUINN, J.

On August 1, 1918, defendant made and delivered to the Farmers Milling Company, a corporation, his promissory note for $50, payable in 90 days. On November 24, 1919, that company changed its name to Kensington Mills, Incorporated. It is alleged in the complaint that, on March 26, 1921, the latter company sold and transferred said note to the Four County Mill Co-operative Association. On November 8, 1921, Herman Zander was appointed receiver of that association. Subsequently Zander brought this action upon the note. In February, 1922, Hugh E. Leach became the trustee in bankruptcy of the Kensington Mills, Inc. He filed a complaint intervening as such trustee, claiming that the company for which he was acting was the owner of the note, and he, as its trustee, was entitled to judgment for the amount of the note.

The trial court made findings of fact and conclusions of law in favor of the intervener. From an order denying his motion for amended findings and conclusions, or for a new trial, plaintiff appealed. The controlling facts in the case are undisputed.

It appears that a meeting of the stockholders of the Kensington Mills, Incorporated, was duly called and held on March 14, 1921,

and adjourned to March 26, at which meeting the stockholders passed a resolution to the effect that a co-operative association be formed to take over the property, assets and liabilities of the Kensington Mills, Inc., and that the stock in the old company be exchanged for stock in the new company, of the same par value. Thereupon the new company, named the Four County Farmers Mill Co-operative Association, was organized, and the old company transferred to it all of its property. The new company in turn agreed to pay all of the debts and liabilities of the old company. The new company then carried on the milling business for several months, incurring new obligations and paying off some of the debts of the old company. Some of the stockholders of the old company surrendered their stock in that company and received, in lieu thereof, stock in the new. In March, 1921, Zander was appointed receiver of this company, and among the assets which came into his hands was the note in question. He has no other source of title thereto. The court found, as a matter of fact, that the evidence was insufficient to sustain the allegations of plaintiff's ownership of the note, but that the intervener was the owner thereof and entitled to judgment for the amount of the note with interest and costs.

At the time of the passage of the resolution of March 26, the old company was insolvent. The transfer of shares of its stock for stock in the new concern, under such circumstances, would not amount to a subscription and purchase of stock, within the meaning of the statute, which provides in relation to forming such corporations that, "the association may commence business whenever twenty per cent of the capital stock has been subscribed and paid in," and that, "no shares shall be issued for less than its par value nor until the same has been paid for in cash or its equivalent." Chapter 23, p. 27, Laws 1921, § 3. The statutory requirement as to the amount of stock which must be subscribed and paid for in cash or its equivalent, is a material one and must be complied with before the proposed entity can acquire corporate life sufficient to transact business. Any attempt at an evasion of the statute would be fraud upon the law. A substantial compliance with the re-

quirements, however, would be sufficient. It is apparent in the case before us, that no attempt was made at a compliance with the statute. It follows that, where stockholders have no standing, the corporation will not be permitted to hold property. The order appealed from was right.

Affirmed.