## HERMAN ZANDER v. J. W. SCHACKEL.[1]

### December 5, 1924.

### No. 24,116.

**Incorporator and director estopped from asserting corporation violated statute.**

1. One may be estopped by his conduct from denying the legality of the organization of a corporation or the validity of the stock it has issued. By becoming an incorporator and by continuing to act as a director, the defendant is estopped from asserting that the corporation was doing business contrary to the statute, and that its stock was void and its stockholders not liable to creditors.

**Presumption and proof that defendant was stockholder.**

2. The law requires a director to be a stockholder, and hence it will be presumed that one acting as a director is a stockholder. Regardless of the presumption, there was sufficient affirmative proof that defendant was a stockholder.

**Procedure when objection to any evidence is improperly sustained.**

3. An objection to the introduction of any evidence under an answer is in the nature of a demurrer. If the objection is erroneously

[1]Reported in 201 N. W. 308.

sustained, no offer of evidence is necessary to take advantage of the error, but, when the court invites an offer and one is made, it will be examined, in connection with the evidence introduced by the plaintiff, to determine whether a finding in defendant's favor could be sustained.

The evidence offered would not establish a rescission of the contract by which defendant became a stockholder, or show that he ever took steps to purge the corporate records of his name as a stockholder, and hence he could not escape liability to innocent creditors because he was induced by fraud to become a stockholder.

**Defendant's liability to creditors of corporation.**
4. Defendant could not escape liability to creditors by proving that he became a stockholder upon a condition unknown to the creditors, which had not been satisfied.

Action in the district court for Douglas county by the receiver of the Four County Farmers Mill Co-operative Association, to recover $500. The case was tried before Roeser, J., who granted plaintiff's motion for a directed verdict. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Constant Larson,* for appellant.

*Grimes & Maxwell,* for respondent.

LEES, C.

This action was brought to enforce an assessment against the stockholders of a co-operative association. By direction of the court, the jury returned a verdict against the defendant and he has appealed from an order denying a new trial.

1. It is urged that the association never became a corporation and never had any stockholders. The undisputed evidence shows that articles of incorporation were signed on March 26, 1921, by defendant and 15 other individuals; that defendant was named in the articles as a member of the first board of directors; and that the articles were duly filed and published. The corporation was formed to take over the flour mill, elevator and other property of Kensington Mills, Incorporated, a corporation in which the defendant was a stockholder, and the stockholders in the old corpora-

tion were given the privilege of exchanging their stock for stock in the new, as related in Zander v. Holm, 159 Minn. 51, 197 N. W. 967. Defendant was present at the organization meeting and at subsequent directors' meetings and actively participated in the business transacted. The old corporation transferred its property and the new corporation carried on the business until some time in August, 1921. It was unable to pay its debts and plaintiff was appointed receiver in November, 1921, and on his application an assessment of 100 per cent was levied on the stock.

In ordering the assessment, the court must have determined that it had before it a corporation whose stockholders were subject to assessment, and it would seem that defendant is concluded from questioning the existence of the corporation. Be this as it may, his activities were such that it ought not to lie in his mouth to say that the corporation is nonexistent.

In Zander v. Holm, supra, it was held that the failure to satisfy the statutory conditions upon which a co-operative association may commence business deprives it of the power to take or hold property. Here a different question is presented. It is this: May an individual become estopped by his conduct from denying the legality of the organization of a corporation or the validity of the stock it has issued? The question is answered in the affirmative upon the authority of Minnesota Gas-Light E. Co. v. Denslow, 46 Minn. 171, 48 N. W. 771; Hause v. Mannheimer, 67 Minn. 194, 69 N. W. 810; Gardner v. M. & St. L. Ry. Co. 73 Minn. 517, 76 N. W. 282. See also 2 Fletcher, Corp. p. 1617; Jones v. Dodge, 97 Ark. 248, 133 S. W. 828, L. R. A. 1915A, 472.

Even though the corporation began to do business before it complied with the statute, defendant cannot escape liability, for, as Judge Mitchell said in Olson v. State Bank, 67 Minn. 267, 69 N. W. 904, it would never do to hold that, after a corporation had gone into business and dealt with the public in violation of a statutory provision, its stock is void and the stockholders not liable to creditors.

2. The sufficiency of the proof that defendant became a stockholder is questioned. The law requires a director of a corporation

to be a stockholder. Section 6171, G. S. 1913. Defendant was a director, and, in the absence of evidence to the contrary, it will be presumed that he was a stockholder. Caldwell M. & E. Co. v. L. L. May Co. 141 Minn. 255, 169 N. W. 797.

It is suggested that this presumption does not arise unless the directors are elected by the stockholders. We do not stop to consider the suggestion. There was proof that stock certificates were issued to other stockholders and that on May 18, 1921, a stock certificate in the name of the defendant was filled out and signed by the proper officers. The certificate remained in the possession of Zander, the president of the corporation. The defendant's name appeared on the stub of the certificate. Anyone examining the corporate records after May 18 would have been justified in the belief that defendant was a stockholder. He cannot now be heard to deny that he was one.

3. At the opening of the defense plaintiff objected to the introduction of any evidence on the ground that the answer did not state facts constituting a defense. The objection was sustained, and this ruling brings us to a consideration of the principal question in the case. In brief, these were the facts pleaded as a defense: W. T. Coe was president, and G. A. Melges was secretary of the old corporation. On March 26, 1921, Coe, Melges and Zander represented to the defendant that the old corporation was practically free from debt; that its property was unencumbered; that it would be transferred to the new corporation free from encumbrances, and that the new corporation would begin its existence free from debt. Relying on these representations, defendant became one of the incorporators and subsequently delivered his certificates of stock in the old corporation to Zander, who had become president of the new corporation, to have them exchanged for shares of equal par value in the new corporation, on the express condition that a co-operative association would be organized according to the laws of this state and would take over the property of the old corporation free from debt. A short time thereafter defendant discovered that the representations made to him were false, and thereupon made a demand on Zander for the return of his stock certificates. The

demand was refused and defendant ceased to have anything to do with the affairs of the new corporation and did not know that any of its stock had been issued to him.

If a fraud was perpetrated by the individuals named in the answer, can it be laid at the door of the new corporation?

As the case stood when plaintiff objected to the introduction of defendant's evidence, it had been shown by the records of the corporation that, as a director, defendant had voted for a resolution to take over the property and assume the liabilities of the Kensington Mills; that he had moved that a Kensington Mills' note should be renewed, and for a resolution that a mortgage be placed on the mill to secure a loan to be used to pay off outstanding indebtedness of the Kensington Mills. The records were such that defendant could not deny that he knew from the first that the old corporation was in debt. With this knowledge, he continued to act as a director, taking part in the transactions which gave rise to the claims of the creditors. In short, he failed to use the high degree of care and diligence which the law requires to prevent creditors from being misled by the conduct of stockholders or officers. Dunn v. State Bank of Minneapolis, 59 Minn. 221, 61 N. W. 27.

The purpose of an objection to the introduction of any evidence is to test the sufficiency of a pleading. Here it was in the nature of a demurrer to the answer. When the objection was sustained, defendant was under no necessity of making an offer of proof to take advantage of any error there might be in the ruling. Reynolds v. McNamara, 115 Minn. 418, 132 N. W. 748. But the court invited the defendant to make an offer and one was made. In substance he offered to prove the facts specifically pleaded in the answer, with these additions: (1) That defendant was not present at the meeting of the stockholders of the old corporation when the exchange of stock was authorized; (2) that no certificate of stock in the new corporation had ever been tendered and that he received no notice that any stock had been issued to him until he was notified of his assessment in the receivership proceedings.

These facts added nothing of substance to the defense pleaded. Plaintiff is not seeking to charge defendant by reason of anything he did or failed to do as a stockholder of the old corporation, and the failure to tender a stock certificate does not affect his liability to creditors. Randall Printing Co. v. Sanitas M. W. Co. 120 Minn. 268, 275, 139 N. W. 606, 43 L. R. A. (N. S.) 706. Viewed in any light, the facts pleaded, with the addition of those defendant offered to prove, were not sufficient to establish a rescission, a promise to rescind, or to show that defendant had reason to suppose that his stock in the new corporation would be canceled of record, or to show that he ever took any steps to purge the corporate records of his name as a stockholder. The case therefore falls within the rule stated in Bartlett v. Stephens, 137 Minn. 213, 163 N. W. 288, and defendant comes too late with his attempted defense now that the rights of creditors have intervened. He relies on Wilcox Trux, Inc. v. Rosenberger, 156 Minn. 487, 195 N. W. 489, but in that case there was proof from which it might be inferred that a timely suit for rescission had been begun, and it was held that the commencement of such a suit would fix the rights of the parties as effectually as a rescission by their own acts. For that reason a new trial was granted of the issue as to a rescission only. The case is not in point in view of the facts presented here.

4. The allegation that a conditional delivery of the stock certificates was made to Zander does not change the situation from a legal standpoint. If it be granted that a condition attached to the delivery has not been satisfied, defendant would nevertheless be liable to creditors unaware of the existence of the condition. Minneapolis T. M. Co. v. Davis, 40 Minn. 110, 41 N. W. 1026, 3 L. R. A. 792, 12 Am. St. 701; Atwater v. Stromberg, 75 Minn. 277, 77 N. W. 963; Scott v. Deweese, 181 U. S. 202, 21 Sup. St. 585, 45 L. ed. 822; Allen v. Rhodes, 230 F. 321, 144 C. C. A. 463.

Order affirmed.