JOHN B. ATWATER v. EDWARD SMITH.

August 4, 1898.

Nos. 11,167—(228).

73 507
175 279

Promissory Note—No Want of Consideration.

> *Held*, on the conceded facts, in an action brought by the receiver of an insolvent national bank, that there was no want of consideration for the execution and delivery of the promissory note on which the action was based.

Appeal by defendant from an order of the district court for Hennepin county, McGee, J., denying his motion for a new trial after an order for judgment in favor of plaintiff for $11,165.44. Affirmed.

*Harrison & Noyes*, for appellant.

*E. C. Garrigues* and *J. B. Atwater*, for respondent.

COLLINS, J.

Action by the receiver of an insolvent national bank upon a negotiable promissory note made by defendant, and payable to the bank. Defense, want of consideration.

A mere statement of the facts, over which there was no controversy, should prove sufficient to dispose of defendant's appeal:

For some time prior to October 10, 1894, and until the bank suspended payment, one Kittelson was its president, and defendant was one of its board of directors. Just before the day mentioned, the bank had been compelled to take its stock shares, of the par

value of $10,000, in payment of a note held against one of its stock-holders. On that day, at the request of Kittelson, and because, under the banking act, the bank was not permitted to hold its own shares, defendant executed and delivered his own note, payable to the bank, for the then supposed value of the stock,—a sum slightly in excess of its par value; the understanding being with Kittelson that as soon as possible another person should be found who would purchase the shares. This arrangement was not disclosed to any other officer of the bank, and, at a meeting of the board of directors held October 16,—the defendant being present and participating,— the note was reported to and accepted by the board as if it had been regularly discounted. One year later, defendant's note, given in renewal, was reported to and accepted by the board of directors in the same manner; defendant again being present, and partici-pating in the proceedings. There were several renewals of the last-mentioned note, and all of the time defendant's paper was carried as an asset of the bank. A stock certificate for these shares was issued to Kittelson and defendant, and on November 16, 1894, both of these persons receipted for the same on the stock certificate book of the bank. From that time on until the failure they held these shares in their own names, and in the meantime two divi-dends were declared on stock, the amount of each being applied as a payment on the note.

On these facts, the right of plaintiff to recover was conclusively established. The consideration for the original note was an actual transfer to Kittelson and defendant of the stock shares at a time when the bank was a going concern, and when the value of shares was supposed to be more than par. If there was any secret agree-ment between the actual parties to this transaction, it cannot operate to relieve defendant from the liability assumed when he gave his note. He cannot be allowed to experiment in this way at the expense of the creditors of the bank or other stockholders. To hold that a director of a bank can make a note to it in consideration of a transfer of stock shares it is prohibited from retaining, have it carried as an asset, have the ownership of the shares remain for years in the maker, and, when enforcement of the promise to pay

is attempted, allow the latter to set up a secret agreement with another officer of the bank which nullifies the note,

"Would be contrary, not only to all legal rules, but to every principle of justice. And the rule which would apply to a note so made and executed would apply to the liability created by the holding of stock issued under the circumstances disclosed by this record." Barto v. Nix, 15 Wash. 563, 571.

See also Pauly v. O'Brien, 69 Fed. 460; Lewis v. Switz, 74 Fed. 381; Finn v. Brown, 142 U. S. 56, 12 Sup. Ct. 136.

Order affirmed.