JOHN B. ATWATER v. A. STROMBERG.

January 17, 1899.

Nos. 11,346—(207).

**Promissory Note—Consideration—Issue of Stock in National Bank.**

> *Held,* on the facts stated in an action brought by the receiver of a national bank upon a promissory note executed and delivered by defendant to such bank, when it was a going concern, in consideration of the issuance and delivery to defendant by the bank of its certificate for certain stock shares therein, that there was no want of consideration for the execution and delivery of the note.

**Same—Action by Receiver—Secret Agreement no Defense.**

> And after the bank has become insolvent, and the rights of creditors have become vested, such defendant cannot set up as a defense to an action by the receiver on the note a secret agreement with the president of the bank that he should have the option of surrendering the stock when the note matured, and having it returned.

Action in the district court for Hennepin county by the receiver of the Columbia National Bank, insolvent. From an order denying a motion for a new trial, Simpson, J., after ordering judgment in favor of plaintiff, defendant appealed. Affirmed.

*Weed Munro,* for appellant.

*A. G. Braden, J. B. Atwater* and *E. C. Garrigues,* for respondent.

COLLINS, J.

Action upon a promissory note for $700 executed and delivered by defendant to a national bank when it was a going concern. Before the note matured the bank suspended business, and plaintiff was thereupon appointed its receiver by the comptroller of the currency of the United States. At the time of the execution and delivery of the note the bank issued and delivered to defendant its certificate for seven shares of its capital stock, of the par value of $100 each. Concededly, there was no other consideration for the note.

Concurrently, and as part of the same transaction, the president of the bank signed and delivered to defendant a writing in which, after reciting that defendant had purchased the stock shares for

which he had given his note, it was stated that, when the note fell due, defendant, at his election, could exchange the stock shares therefor.   The court also found that at the same time the bank president stated to defendant that the note was solely for the accommodation of the bank, and that he would never be called upon to pay it.  'On the facts as found, judgment for plaintiff receiver was ordered, and the appeal is from an order denying a new trial.

Assuming the law to be, as stated in Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. 148, that the receiver

"Took the assets of the   *  .*  *   bank as a mere trustee for creditors, and not for value and without notice, and, in the absence of statute to the contrary, subject to all claims and defenses that might have been interposed as against the insolvent corporation before the liens of the United States and of the general creditors attached,"

It does not follow that plaintiff cannot recover.   That part of the writing which gave defendant an option to exchange his stock shares for the note was in direct conflict with the provisions of R. S. (U. S.) § 5201, which prohibits the taking or acquiring of its own stock shares by a national bank, except as it may become necessary in order to prevent loss upon a previously contracted indebtedness.

Again, when the certificate of stock shares was delivered to defendant and he became a stockholder, he knew that credit would be given to the bank upon the faith of that stock, as the law provides.   When the corporation became insolvent the rights of the creditors became fixed as to all stockholders.   Defendant necessarily assumed the risk that this might happen, when he took the stock.   See Dunn v. State Bank, 59 Minn. 221, 61 N. W. 27; Olson v. State Bank, 67 Minn. 267, 69 N. W. 904.

If defendant can now be allowed to evade the payment of his note given for the stock shares, he might with equal propriety be permitted to deny that he became a stockholder, and thus perpetrate a fraud upon creditors.   The stockholders of a corporation cannot directly or indirectly release themselves or discharge their liability as such by means of agreements with one another or with the corporation.   Yet by the writing relied upon by defendant this was the very thing attempted, and, if such a transaction could be tolerated,

every stockholder in a bank could protect himself from liability or loss through the medium of a like secret agreement. The statute forbids this, and it is clearly against public policy.

Finally, this case, on principle, cannot be distinguished from that of Atwater v. Smith, 73 Minn. 507, 76 N. W. 253, and is controlled by it. The facts there more distinctly demonstrated the necessity of holding stockholders in a financial institution to a strict rule, but otherwise the cases are alike.

Order affirmed.