## MERRILL BARTLETT v. J. L. STEPHENS.
## MERRILL BARTLETT v. L. H. BENTLEY.[1]

June 15, 1917.

Nos. 20,332, 20,333—(130, 131).

**Corporation — constitutional liability of stockholder.**

1. When a person voluntarily assumes the relation of stockholder in a mercantile corporation and voluntarily procures or permits his name to be recorded as such on the corporate records, he fixes his own status and the Constitution fixes his liability for corporate debts.

**Same — when stockholder is estopped from claiming fraud.**

2. One, who has been induced by the fraud of the corporation to become a stockholder, may, under some circumstances, be relieved from his liability by taking seasonable action to that end. But he may lose this right by estoppel or laches. After a delay of six months before discovering the fraud and a further delay of four months until bankruptcy of the corporation without taking any effective steps to secure a cancelation of the stock, during all of which time the corporation was doing business and incurring debts, the stockholder must be *held* to have lost his right to secure relief from liability to corporate creditors.

Two actions by the receiver of the Herbert Pearce Company, insolvent, to recover from defendant Bentley an assessment of $30,000 and from defendant Stephens an assessment of $11,000 upon capital stock of the insolvent company held by them respectively. The cases were tried before Fish, J., who directed verdicts for the respective amounts

[1] Reported in 163 N. W. 288.

demanded. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*George H. Selover,* for appellants.

*Allen & Fletcher,* for respondent.

HALLAM, J.

The Herbert Pearce Company is a mercantile corporation of this state. On January 6, 1915, it was adjudicated a bankrupt. It owed in the neighborhood of $100,000. On August 18, 1915, plaintiff was appointed receiver of the corporation and commenced proceedings to enforce the liability of stockholders. An assessment equal to the par value of the stock was made. Defendants Bentley and Stephens each appeared on the books of the corporation as stockholders. Each in fact purchased stock of the corporation in March, 1914. Separate actions were brought against them to recover the amount of their liability.

Defendant Stephens alleged and offered to prove that he was induced to purchase his stock by fraud of the officers of the corporation. That on discovery of the fraud in August, 1914, he tendered back his certificate of stock and demanded his money back, and the corporation agreed to take over the stock in a short time but in fact failed and neglected to do so.

Defendant Bentley in his answer, verified by himself, makes the same allegations of fraud, and alleges that in August or September, 1914, he discovered the fraud and thereupon repudiated the transaction, offered to surrender the stock and demanded his money back, but that the corporation refused to take the stock or return his money. On the trial his counsel offered to prove by him the existence of the fraud, and that he tendered back his stock and that the officers of the company agreed to take back his stock and certificates and "the same were then and there left with the Pearce Company and in its possession and control. That subsequently the Pearce Company became unable to return the money that defendant had paid in, and kept promising repayment and failing to make the same until the bankruptcy ensued."

In the Stephens case it is clear that there was no offer of proof of a completed agreement for a cancelation of the stock on the books of the company, or at all. Nor can we consider that the offer of proof in the

Bentley case went to that extent. The offer to prove by the testimony of defendant Bentley that the corporation agreed to cancel his stock, when his verified answer alleged that it refused to do so, was probably an inadvertence. At least the trial court was not obliged to receive offered testimony of a party in contradiction of his own verified pleadings. But, if the proof had been received, it was nothing more than proof of an executory agreement to rescind. There was no offer to prove that the rescission had ever been consummated or that any promise had been made to presently cancel the record of defendant's stock or that defendant ever supposed or had reason to suppose that his stock had been canceled of record.

1. The question that confronts us then is this: Can a stockholder, who has been induced to become such by fraud on the part of the corporation, relieve himself of his liability for debts of the corporation by notice of rescission and tender of return of the stock and an executory agreement of the corporation to accept the surrender? It is clear that he cannot. The usual evidence of who are stockholders in a corporation is the stock record of the corporation. This is *prima facie* evidence, and one whose name appears on the corporate records as a stockholder is *prima facie* subject to the liabilities of a stockholder. The corporation record is not conclusive evidence. This would not do, for if it were held to be conclusive, a person might be held bound as a stockholder through the error or connivance of others and without his knowledge.

If, however, a person voluntarily assumes the relation of stockholder, and voluntarily procures or permits his name to be recorded as such on the corporate records, he fixes his own status and is liable for the consequences. This is sometimes placed on the ground of estoppel, or of a holding out, somewhat as one who holds himself out as a partner is held as such. And there may well be an estoppel as to those who become creditors while the alleged stockholder is recorded as such with his own consent, Atwater v. Stromberg, 75 Minn. 277, 77 N. W. 963; Marshall Field & Co. v. Evans, J. S. & Co. 106 Minn. 85, 118 N. W. 55, 19 L. R. A. (N. S.) 249, for creditors are presumed to extend credit on the faith of the showing made upon the corporate books. Hospes v. Northwestern Mnfg. & Car Co. 48 Minn. 174, 198, 50 N. W. 1117, 15 L. R. A. 470, 31

Am. St. 637; Blien v. Rand, 77 Minn. 110, 79 N. W. 606, 46 L. R. A. 618.

But liability as a stockholder does not depend upon estoppel alone, for the liability extends to past as well as to future debts. It is proper to say of a person who voluntarily assumes the relation of stockholder that he is subject to liability because the Constitution has fixed the liability of all stockholders and he is liable as long as he holds his stock and is a stockholder in fact, even though he may have a remedy for fraud by which he was induced to acquire his stock. Harper v. Carroll, 66 Minn. 487, 504, 69 N. W. 610, 1069. When a corporation becomes insolvent, the rights of creditors become vested (Dunn v. State Bank of Minneapolis, 59 Minn. 221, 61 N. W. 27), and those who have permitted themselves to continue in that relation cannot directly or indirectly release themselves or discharge their liability as such by means of agreements with one another or with the corporation. Atwater v. Stromberg, 75 Minn. 277, 77 N. W. 963; Scott v. Deweese, 181 U. S. 202, 21 Sup. Ct. 585, 45 L. ed. 822.

2. It may be that if the stockholder has been induced to become such by the fraud of the corporation and takes seasonable steps while the corporation is a going concern to rescind and to purge the corporate records of his name as a stockholder, he may be relieved of liability. There are cases holding that the commencement of an action for that purpose while the corporation is a going concern, is sufficient for this purpose, even though the action is not prosecuted to completion until after the corporation becomes bankrupt. See Olson v. State Bank, 67 Minn. 267, 277, 69 N. W. 904, 1 Cook, Corporations (7th ed.) §§ 163, 164. But these decisions do not avail defendants, for they did nothing of this kind.

It may be too broad a statement to say that one who has been induced by fraud to acquire stock in a corporation, can in no case be relieved from liability by proceedings taken after the bankruptcy of the concern. The bankruptcy might follow so closely on the heels of the fraud that no amount of diligence could have relieved him before it came. But, if there can be relief from liability in any such case, it is only when there is no laches or estoppel. Although a subscriber becomes a shareholder in consequence of frauds practiced upon him by the corporation,

he is nevertheless estopped as against creditors to deny that he is a share-holder, if, at the time the rights of creditors accrued, he voluntarily occupied and was accorded the rights appertaining to that relation. Scott v. Deweese, 181 U. S. 202, 21 Sup. Ct. 585, 45 L. ed. 822. And he may lose his right to relief by laches without technical estoppel. A very different rule of diligence is required between him and the creditors, than is required as between him and the corporation. It is his duty to use a high decree of care and diligence to see that creditors are not mis-led by his conduct. Dunn v. State Bank of Minneapolis, 59 Minn. 221, 61 N. W. 27. The books of the corporation are open to him. In view of the lapse of six months between the time defendants subscribed for the stock and the time they discovered the fraud, and the further lapse of four months more before the bankruptcy of the corporation, during all of which time defendants took no effective steps to secure a cancela-tion of their stock, during all of which time the corporation was doing business and incurring debts, it must be held, as a matter of law, that defendants have lost their right to relief from liability, as stockholders, to the creditors of the corporation. Dunn v. State Bank of Minneapolis, supra; Olson v. State Bank, 67 Minn. 267, 69 N. W. 904; Atwater v. Stromberg, 75 Minn. 277, 77 N. W. 963.

Order affirmed.