# WILCOX TRUX, INCORPORATED v. ERNST ROSENBERGER.[1]

October 19, 1923.

No. 23,574.

### Receiver may sell and pass title to unpaid stock subscription notes.

1. The receiver of a corporation may sell notes representing unpaid stock subscriptions and pass to the purchaser whatever title he has. If, in a given case, the makers of such notes cannot rescind the same as against the receiver, they cannot do so as against a purchaser from him.

### Equities of receiver superior to those of maker of subscription note.

2. Following Henderson v. Crosby, 156 Minn. 323, 194 N. W. 641, *held* that a receiver of a corporation takes its assets by a process equivalent to attachment, and, representing creditors, his equities with respect to a note evidencing an unpaid stock subscription are superior to those of the maker who had a right to rescind the note while the corporation was a going concern, and failed to do so.

### Burden of proof of fraud and rescission on that ground.

3. The burden is on one defending on the ground of fraud, and his own rescission because of such fraud of the contract sued on, to prove both the fraud and the rescission. Proof of the fraud without proof of the rescission does not establish the defense.

### Suit for rescission equivalent to rescission.

4. When a stockholder has the right to rescind his stock subscription for fraud, he is not prejudiced because, instead of rescinding by his own act, he commences a suit for rescission. Such an action is a repudiation of the contract and the rights of the parties are to be determined as of the date of its commencement.

### Omission to charge on controlling principle available on motion for new trial.

5. Where the defense to a suit on a contract is based upon fraud, and a rescission because of such fraud, it is error not to instruct the jury that the rescission claimed is an essential element of the defense. Such error, being with respect to a principle controlling the case, can be taken advantage of on motion for new trial, even though there was no exception to the charge and it was not otherwise called to the attention of the trial judge.

[1]Reported in 195 N. W. 489.

Action transferred to the district court for Blue Earth county to recover $2,500 upon two promissory notes. The case was tried before Comstock, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony the motions of both parties for directed verdicts, and a jury which returned a verdict in favor of defendant. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed and remanded for new trial on certain issues.

*C. J. Laurisch, A. M. Higgins* and *Le Roy Bowen,* for appellant.

*H. L. & J. W. Schmitt* and *H. W. Volk,* for respondent.

STONE, J.

Action on promissory notes by a holder not in due course, wherein the maker defends upon the grounds of fraud of the payee and a rescission because of such fraud. After verdict for defendant, plaintiff moved for judgment notwithstanding or for a new trial, and appeals from the order denying that motion.

The notes are two in number, one for $1,000 and one for $1,500, and represent the subscription price of stock in a corporation which has since become insolvent; has gone through a receivership and a reorganization, resulting in the taking over of its assets and business by plaintiff, which by purchase from the receiver of the payee corporation, has become the owner of the notes. That there was evidence sufficient to take to the jury the issue of fraud is not seriously denied. In any event, a discussion of that question, here, would serve no purpose, and we pass it with the holding that it was a jury question, with respect to which we see no reason for disturbing the verdict.

There were two purchases of stock, one in June and the other in September, 1914. One of the notes in suit is a part of the June transaction and the other represents a portion of the price of the addtional stock purchased in September.

The answer founds the defense, and the only defense, not upon fraud alone, but upon a rescission, because of the fraud, of the stock purchase and the promissory notes which are a part of the contract of purchase.

The allegation is "that in January, 1916, as soon as defendant discovered the falsity of said representations * * * *he rescinded* the said contracts. and notes, and notified said company of the rescission thereof, for the reason that the same were obtained from him by means of the false and fraudulent representations hereinbefore set forth, and that he demanded the return of said notes at said time * * * but that said company refused and failed to deliver the same to him or cancel said contracts."

The payee, a manufacturing corporation, was put in the way of liquidation through a receivership in the United States district court on April 21, 1921. The receiver sold the notes as part of the assets and the purchasers from the receiver in turn sold them to plaintiff.

1. At this point it is argued that plaintiff, not being a holder in due course, cannot claim the benefit of the superior equities, if any, of the receiver, but is in no better position than the payee. We must deny the validity of that argument. If approved, it would make it difficult for receivers to sell choses in action belonging to the liquidating corporation. The title transferred would be altogether too questionable because open to attack by stockholders seeking to convert themselves into creditors. It is axiomatic that a holder in due course may transfer to a purchaser his own good title to negotiable paper, even though the latter has the most complete knowledge of the maker's defenses. Section 58 N. I. L. (G. S. 1913 § 5870). There is no reason why the superior position of a receiver should not be protected in the same way. It would be a purposeless thing for the law to put a receiver in the strong position it does with respect to unpaid stock subscriptions, if it did not enable him to reap the benefit of that position by transferring such assets with as good title as he himself has. Accordingly, we hold that the plaintiff has, and may enjoy, all the rights which the receiver had in the notes of defendant.

2. This brings us to the question of the receiver's position. At the outset, it is clear that as against the receiver, under the facts of this case, defendant cannot rescind *now*. This proposition has been too recently considered here to warrant discussion. Henderson v. Crosby, 156 Minn. 323, 194 N. W. 641.

It is idle to argue that there is no proof of the existence of creditors whose rights and position are for consideration. True, there is in evidence no schedule showing the creditors and the amounts of their claims. But there is proof of insolvency and the resulting receivership, and a settlement with creditors on a 30 per cent basis. That shows that there were creditors on whose behalf the receiver took over the corporate assets. That is the one fact with which, at this stage of the case, we are concerned. The receiver represented the creditors in selling the notes, sold them on behalf of the creditors, and passed their title and its attendant equities to the purchaser.

What was that title and its attendant equities? The answer is found in Henderson v. Crosby, supra, and the numerous similar cases in this and other jurisdictions. While the receiver was not a holder in due course, yet he did have all the rights of an attaching creditor. The receivership was a quasi-attachment and therefore the receiver took the notes free from possibility of impeachment through a subsequent rescission by defendant. If 'by fraud the payee had induced defendant to sell it personal property, he could not have retaken such property by rescission as against an innocent third party purchasing from the payee in good faith. For the same reason it is held that, under such circumstances as we have here, there can be no rescission of a subscription to corporate stock after creditors of the corporation have attached its property by an insolvency proceeding.

3. This brings us to the last phase of the merits. Was there a prior rescission by defendant of his stock subscription and notes as alleged in the answer? Was there a rescission while the corporation, the payee, was a going concern and in consequence defendant, assuming as we must the fraud claimed, had the right to rescind?

We are compelled by sheer absence of competent evidence to answer that question in the negative. The burden was upon defendant. He did not sustain it. There has been a former action involving the validity of these notes, but its purpose was not proved at the trial. Only a passing reference was made to it. The case mentioned is

Rosenberger v. H. E. Wilcox Motor Co. 145 Minn. 408, 177 N. W. 625. The nature of that action is disclosed by our decision of it, but no such disclosure was made by proof in the trial of this action. The only reference in the record to any attempt to rescind by act of defendant or by suit for rescission, is the testimony of defendant to the effect that he instructed his attorney to "demand back the notes;" and that he "presumed" such a demand was made. "I guess he carried out his orders" is as far as defendant went in trying to prove, by hearsay or otherwise, that there was a rescission or any attempt at it.

Obviously, this was no proof at all and because the rescission or the attempt at it, while defendant had the right to rescind, was essential to his case, defendant really failed to establish his defense. Thus, we are led irresistibly to the conclusion that the verdict must be set aside and a new trial ordered.

4. In this case there has been apparently a failure to distinguish in the case of a contract induced by fraud and therefore voidable at the instance of the victim, between the cause of action for damages, which affirms the contract, and the right to rescind and recover back that with which the victim has parted because of the fraud. A condition precedent to the latter is a rescission of the contract. The rescission may be by the unaided act of the defrauded party, or in his action to be placed in statu quo he may ask the court to rescind the contract for him. I. L. Corse & Co. v. Minnesota Grain Co. 94 Minn. 331, 102 N. W. 728. He has that election and, inasmuch as the law gives it to him, he should not be penalized for his choice of remedies. So in the instant case if, by reason of the fraud complained of, defendant had the right to rescind and, instead of doing so by his unaided act, he commenced an action for the rescission of the notes, while the corporation was a going concern, he should be considered in just as strong a position as though he himself had completed the rescission without the aid of judicial action. This statement, of course, assumes diligence in the prosecution of the suit to procure the rescission.

It is for the reason indicated, that is, the right of the defrauded party to elect not only to rescind, but also how to rescind, that the

commencement of an action to procure a rescission by suit is equivalent, so far as the corporation and its creditors are concerned, to a rescission by act of the defrauded party alone. The doctrine preventing a rescission after a receivership, however strictly applied "cannot apply where the subscriber discovers the fraud and seasonably institutes proceedings for rescission, or gives notice thereof to the proper corporate officers, before insolvency proceedings against or an act of insolvency by the corporation, and while it is a going concern, even though it may in fact be insolvent, since this fixes his rights, and in such case the subsequent insolvency of the corporation and proceedings by or on behalf of creditors cannot defeat his defense of fraud or right of rescission. The mere fact of insolvency of the corporation alone will not defeat the subscriber's or purchaser's right of rescission, where he has been diligent in discovering the fraud and repudiating the contract." 14 C. J. 601; Bartlett v. Stephens, 137 Minn. 213, 163 N. W. 288; Fear v. Bartlett, 81 Md. 435, 32 Atl. 322, 33 L. R. A. 721; Wm. B. Joyce v. Eifert, 56 Ind. App. 190, 105 N. E. 59; Hinckley v. Sac. Oil & Pipe Line Co. 132 Iowa 396, 107 N. W. 629, 119 Am. St. 564.

The commencement of a suit for rescission indicates as clearly as a rescission by his own act the plaintiff's intention to repudiate the contract. The resulting judgment for rescission, if any, will relate back to the commencement of the action. Therefore, the timely institution of such a suit fixes the rights of the parties and particularly those of the plaintiff. He is not prejudiced because instead of proceeding summarily to rescind by his own act he has chosen to ask the court to rescind for him.

In passing and with a new trial in view, it is proper to observe that defendant was not bound to tender back to the corporation his stock certificates as a condition precedent to rescission. The certificates were held by the corporation as collateral to the notes. The defendant had never received them and had gotten nothing under his contract which could be tendered back to plaintiff. On the other side, it is equally proper to remark that it is wholly immaterial that this is not a suit to enforce the constitutional liability of a stockholder. The liability for an unpaid stock subscription is more clearly within the rule preventing rescission after insolvency.

5. At the trial the jury was not instructed that the rescission, or a timely attempt at one while the corporation was a going concern, was essential to a successful defense. The omission was error. True, the failure was not brought to the attention of the learned trial judge by request for instruction or exception to the charge. That would have been the better practice, but was not required. The principle was a controlling one. Consequently, the omission of an appropriate instruction could be taken advantage of on the motion for new trial. Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754; Kincaid v. Jungkunz, 109 Minn. 400, 123 N. W. 1082.

The specifications of error in the motion and the assignments of error on the appeal are broad enough to require us to review the point, and, as indicated, the omission of a proper charge indicating as essential to the defense a rescission, or the institution of a suit to rescind, was reversible error.

There must be a new trial, but its scope should be limited. The fraud inducing defendant's purchase of the stock and execution of the notes has been once fairly established by verdict. There is no reason for trying that issue again. In consequence, the case is remanded for a new trial with respect only to the issue of rescission, or the timely institution of an action for rescission, while the corporation was a going concern, and defendant had the right to rescind. The evidence may or may not present a jury question with respect to that issue. Even though there was an attempt at rescission, the question will remain for determination as to whether the attempt was made in time. We express no opinion with respect to the question of defendant's diligence in discovering the fraud and acting with sufficient promptitude after the discovery. That is one of the questions for determination. Of course, failure of diligence in discovering the fraud, or in disaffirming after such discovery, amounts to an affirmance of the contract which puts it beyond possibility of rescission.

The order appealed from is reversed and the case remanded for a new trial of the issue specified.