## MAL CLARK v. B. W. WILDER.[1]

January 4, 1924.

No. 23,588.

**When amended pleading may be stricken as frivolous.**

1. Where a party, to whose pleading a general demurrer is interposed and sustained, again proposes the same pleading, or one with changes which are clearly immaterial, thereby making unfair use of his leave to amend, such amended pleading may be stricken out as frivolous.

**Amended answer did not state a defense.**

2. The amended answer considered and *held* not to state a defense to the cause of action set forth in the complaint.

Action by the receiver of Cuyuna Minneapolis Iron Company to recover $1,000, transferred from the district court of Crow Wing county to that of Hennepin county. Plaintiff's demurrer to the amended answer was sustained, Leary, J. From an order striking out the third amended answer and directing judgment on the pleadings, defendant appealed. Affirmed.

*Tautges & Wilder*, for appellant.

*Alderman & Clark* and *O'Brien, Horn & Stringer*, for respondents.

[1]Reported in 196 N. W. 563.

Quinn, J.

The Cayuna Minneapolis Iron Company is a Minnesota mining corporation with its principal place of business within this state. The defendant owned 1,000 shares of its capital stock at the par value of one dollar per share. In December, 1921, a receiver was duly appointed to take charge of the property and affairs of the corporation, because of its insolvency. Subsequently an assessment of 40 per cent was duly made upon the stock held by each and all of the stockholders therein. The defendant failed to pay his assessment and the receiver brought this action to recover the same. The defendant answered and a general demurrer was interposed to the answer. Defendant then amended his answer, and, by stipulation, the demurrer was to be considered as applying to the answer as originally drawn and as amended. The demurrer was sustained and the defendant again amended his pleading. Upon motion, the court made an order striking out the third answer as sham and frivolous, and directing judgment in favor of the plaintiff. The appeal is from such order.

The order appealed from was based upon the pleadings, record and affidavit of A. E. Horn. The defense set forth in the original answer is that the defendant was induced to purchase the stock through false and fraudulent representations; that the company agreed at the time the stock was purchased to refund to defendant, upon demand, the purchase price with interest; that defendant offered to return the stock to the company and made demand for the return of the money, before a receiver was appointed, which offer was refused. In the first and second amended answers, he pleads a counterclaim of $1,000 for the alleged damages suffered. To the foregoing answers a general demurrer was sustained, and the defendant again amended his answer, omitting the allegation of a demand for the return of the money paid for the stock and adding no new nor additional matter to that set forth in his former pleadings.

As before stated, the court, upon motion, struck out the answer last referred to, as sham and frivolous. The question presented on this appeal is: Do the facts pleaded constitute a defense? We answer the query in the negative. It clearly appears that the de-

fendant was a stockholder; that he knew, before the appointment of a receiver, of the falsity of the alleged representations; that he took no affirmative legal steps to rescind the sale of the stock to himself or to withdraw his name from the records of the corporation, but allowed it to remain as a stockholder.

The answer as finally amended does not allege a repudiation or rescission. The plaintiff was appointed receiver and the rights of creditors had attached. The allegations contained in the answer may have been true, but the pleading is frivolous and for that reason was properly stricken out. Bartlett v. Stephens, 137 Minn. 213, 163 N. W. 288; Henderson v. Crosby, 156 Minn. 323, 194 N. W. 641; Supornick v. National Council K. & L. of S. 141 Minn. 306, 170 N. W. 507. The answer failed to state a defense.

Affirmed.

Stone, J., having been of counsel, took no part.