## S. J. PROVAN v. AXEL BONDESON.[1]

January 11, 1924.

No. 23,580.

**After appointment of receiver of corporation, stockholder cannot escape liability on stock because of fraud of company.**

1. When a receiver is appointed for an insolvent corporation, the rights of the creditors and the liabilities of the stockholders become fixed, and one who has been a stockholder for a considerable time cannot avoid liability on the ground that he was induced to purchase the stock by fraud on the part of the corporation, where he failed to discover and assert the fraud while the corporation was a going concern.

**Sole creditor not a party to the fraud.**

2. The evidence fails to connect the creditor with the alleged fraud.

[1] Reported in 196 N. W. 659.

Action transferred to the district court for Redwood county to recover $100 upon a promissory note. The case was tried before Olsen, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order granting plaintiff's motion for judgment notwithstanding the verdict, defendant appealed. Affirmed.

*Mathews & Mathews* and *A. L. Bromen*, for appellant.

*Stevens & Stevens*, for respondent.

TAYLOR, C.

This action was brought by plaintiff as receiver of the Farmers Elevator Company of Walnut Grove upon a promissory note for $100 given by defendant to that company. Defense, that the original note of which this is a renewal was given for the purchase price of four shares of the capital stock of the elevator company of the par value of $25 each; that defendant was induced to purchase the stock and give his note therefor by fraudulent misrepresentations made by the officers and agents of the elevator company concerning its financial condition; that the John Miller Company is the sole creditor of the elevator company; and that the John Miller Company took part in making the fraudulent misrepresentations. That the John Miller Company is the only creditor is not disputed.

The court instructed the jury to the effect that plaintiff was entitled to recover, unless they found that defendant had been induced to purchase the stock and give his note by false representations concerning the financial condition of the elevator company and that the Miller company was a party to the fraud, but was not entitled to recover if they so found. The jury, after being out 22 hours, returned a five-sixths verdict in favor of defendant. Plaintiff made a motion for judgment notwithstanding the verdict or for a new trial. The court granted the motion for judgment and defendant appealed from the order granting it.

There was some evidence of false representations by the agent of the elevator company who sold the stock to defendant and this made

the issue of fraud a question for the jury, but there is no evidence tending to connect the Miller company with the alleged fraud. As the Miller company was not a party to the fraud, defendant cannot be relieved from liability on that ground, unless the fact that he was induced to become a stockholder by the fraud of the elevator company may be interposed as a defense to the action brought by the receiver.

Defendant subscribed for the stock and gave the original note in June, 1917. He gave the renewal note in controversy and received the certificate of stock in November, 1920. He learned that the elevator company was insolvent in February, 1922. Plaintiff was appointed receiver March 30, 1922, and brought this suit in July, 1922. After the suit was brought, defendant served a notice directed to the elevator company and to plaintiff as receiver that he rescinded the transaction and tendered back the stock on the ground that the note had been procured by the fraudulent representations of the officers and agents of the elevator company. Even conceding that defendant would have had the right to rescind as against the elevator company if it had been a solvent going concern at the time he attempted to do so, it is clear that the facts furnish no ground for relieving him from liability in the present case. He had considered himself a stockholder and been recognized as such for five years, and in the meantime the indebtedness of the company had increased from $20,000 to $57,000. He made no claim of fraud or of a right to rescind until after it had been determined that the company was insolvent and the receiver, appointed to wind up its affairs, had brought suit on his note. It was then too late under all the authorities.

"Although a stockholder was induced to enter into a contract for the purchase of stock by reason of false and fraudulent representations on the part of the officers of the corporation, if he was not diligent in discovering the fraud and repudiating the transaction before the corporation became insolvent and proceedings were commenced to sequester its property for the benefit of creditors, it is then too late to avoid the contract." Syllabus in Henderson v. Crosby, 156 Minn. 323, 194 N. W. 641.

"It may be too broad a statement to say that one who has been induced by fraud to acquire stock in a corporation, can in no case be relieved from liability by proceedings taken after the bankruptcy of the concern. The bankruptcy might follow so closely on the heels of the fraud that no amount of diligence could have relieved him before it came. But, if there can be relief from liability in any such case, it is only when there is no laches or estoppel. Although a subscriber becomes a shareholder in consequence of frauds practiced upon him by the corporation, he is nevertheless estopped as against creditors to deny that he is a shareholder, if, at the time the rights of creditors accrued, he voluntarily occupied and was accorded the rights appertaining to that relation. Scott v. Deweese, 181 U. S. 202, 21 Sup. Ct. 585, 45 L. ed. 822. And he may lose his right to relief by laches without technical estoppel. A very different rule of diligence is required between him and the creditors than is required as between him and the corporation." Bartlett v. Stephens, 137 Minn. 213, 216, 163 N. W. 288.

"Treating this increased stock, not as absolutely void, but only voidable, on the ground of fraud, it must be clear that, under any rule, either English or American, the defendants have no defense, now that the bank has become insolvent and the rights of creditors have become vested. In view of the length of time [about one year] which elapsed after the stock was issued before the bank failed, the want of diligence on part of the defendants in not sooner discovering at least the utter and hopeless insolvency of the bank, and the large amount of corporate indebtedness created since the stock was issued, and which is still outstanding, the right to rescind should be denied, according to the overwhelming weight of authority in this country, even from those courts which have not adopted the English rule." Olson v. State Bank, 67 Minn. 267, 274, 69 N. W. 904.

See to the same effect Dunn v. State Bank of Minneapolis, 59 Minn. 221, 61 N. W. 27; Atwater v. Stromberg, 75 Minn. 277, 77 N. W. 963.

When a receiver is appointed for an insolvent corporation the rights of the creditors an dthe liabilities of the stockholders become fixed, and a person who has occupied the position of a stockholder

for any considerable length of time cannot avoid liability on the ground that he was induced to purchase the stock by fraud. If he can avoid liability in any case after the corporation ceases to be a going concern, it is only where he shows that he exercised a high degree of diligence to ascertain the facts and is free from negligence or laches.

The learned trial court reached the correct conclusion and its order is affirmed.