## R. B. RATHBUN v. BENJAMIN GOLDMAN.[1]

October 23, 1925.

No. 24,840.

**Evidence sufficient for jury to find inconsistency between original and amended answer was excusable.**

1. When the allegations of defendant's original answer and his amended answer are inconsistent, the weight to be given to the statements in the first answer is a matter for the consideration of the jury, and, in the instant case, the jury might find that defendant was excusable for the conflict in the statements of the two answers.

**Evidence sufficient for jury to find maker of note for bank stock had exercised proper diligence to rescind for fraud.**

2. The defense to a suit on a note was that the defendant gave the note for stock in a bank; that, to induce him to purchase the stock, the managing officer of the bank falsely and fraudulently represented that the capital of the bank had been increased; that a new issue of stock was being sold; that the bank had regularly paid substantial dividends to its stockholders; and that, immediately upon the discovery of the falsity of the representations, the defendant attempted to rescind the purchase of the stock and tendered the certificate to the state bank examiner in charge of the bank. There was evidence which would warrant the jury in finding that the facts were as alleged in the amended answer. *Held* that they would warrant a finding that de-

[1]Reported in 205 N. W. 436.

fendant had exercised the degree of diligence required of one in his situation in seeking to rescind for fraud.

1. See Evidence, 22 C. J. p. 337, § 380.
2. Bee Bills and Notes, 8 C. J. p. 1052, § 1361 (Anno); Corporations, 14 C. J. p. 663, § 1031.

Action in the district court for Hennepin county to recover upon a promissory note. The case was tried before Salmon, J., and a jury which returned a verdict in favor of defendant. Plaintiff appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Shaw, Safford, Putnam & Shaw,* for appellant.
*Leonard, Street & Deinard,* for respondent.

LEES, C.

The bank examiner brought this action on a promissory note executed by defendant to the Western State Bank of Minneapolis. Defendant admitted the execution of the note, but alleged that it was procured by the false and fraudulent representations of E. E. Voll, who was then the vice-president and managing officer of the bank. The case was tried by jury and a verdict returned in defendant's favor. Plaintiff has appealed from an order denying his motion in the alternative for judgment or a new trial.

Defendant introduced evidence tending to show that in the summer of 1921 Voll told him and others who did business with the bank that the bank's quarters were to be enlarged and its capital stock increased from $25,000 to $50,000; that the new stock could be purchased for $225 a share; that the bank had paid dividends of 16 or 18 per cent and that he (Voll) was taking 70 shares of the new stock; that Voll invited defendant to purchase 5 shares of the new stock for $1,125; that in August, 1921, in reliance on these representations, defendant agreed to purchase 5 shares of the new stock; that he gave his note therefor payable to the bank without interest; that the note was renewed on November 1, 1921, and again on January 29, 1922, defendant paying $125 at that time. The second renewal note is the one in suit.

The evidence shows conclusively that, if these representations were made, they were false. When they were alleged to have been made, the bank was practically insolvent and was closed by the bank examiner on April 19, 1922.

Defendant testified that he received no stock certificate until the end of March or the beginning of April, 1922, and that when he received the certificate he placed it in his safety deposit box in the bank. He acknowledged the receipt of the certificate by signing his name on the stub under date of October 5, 1921, but testified that in fact he neither got the certificate nor signed the receipt for it before it was given to him in March or April. He also testified that he is unable to read English; that he did not have the certificate read to him when he received it; that as soon as he learned of the closing of the bank, accompanied by his son-in-law, he went to the examiner in charge, obtained the certificate, had it read by his son-in-law, and not until then did he discover that the capital of the bank was only $25,000; that it had not been increased, and that his certificate did not represent a portion of the new capital. He immediately offered to return the certificate to the bank examiner and demanded the return of his note and the money he had paid to the bank, but the examiner informed him the matter lay outside his jurisdiction. Subsequently defendant discovered that Voll had disposed of all his stock before the bank closed and that the 5 shares represented by the certificate issued to defendant were part of Voll's stock. Defendant also discovered that his note had been placed to the credit of I. Voll, a fictitious person, and the money withdrawn by E. E. Voll by checks signed "I. Voll."

The evidence warranted the jury in finding that a fraud was perpetrated upon defendant by Voll, acting ostensibly for the bank, which he controlled through stock ownership.

In his original answer defendant alleged that he purchased the stock from Voll and not from the bank, while in his amended answer he alleged that the purchase was made from the bank. Plaintiff contends that the original answer stated the facts correctly; that these facts did not constitute a defense because the bank would

not be chargeable with Voll's misconduct while acting in his own behalf; and that the amendment amounted to a complete change of front to meet the exigencies of the case. The original verified answer was received in evidence to contradict the defendant. The weight to be given to evidence of this nature must be determined by the jury. The statements in the first answer weighed heavily against defendant, but his explanation of the circumstances under which it was prepared might properly lead the jury to the conclusion that he was excusable for the conflict in the allegations of the two answers.

This court has frequently discussed the rights and duties of a person induced to take stock in a corporation by reason of false and fraudulent representations of an officer or agent of the corporation. Dunn v. State Bank, 59 Minn. 221, 61 N. W. 27; Olson v. State Bank, 67 Minn. 267, 69 N. W. 904; Atwater v. Stromberg, 75 Minn. 277, 77 N. W. 963; Bartlett v. Stephens, 137 Minn. 213, 163 N. W. 288; Henderson v. Crosby, 156 Minn. 323, 194 N. W. 641; Provan v. Bondeson, 157 Minn. 478, 196 N. W. 659. All of these cases except Atwater v. Stromberg and Provan v. Bondeson dealt with the stockholder's right to defend an action to enforce his so-called double liability. In such cases the rule is well-settled that the defendant cannot escape liability by the mere showing that he was induced to subscribe for his stock by reason of a fraud perpetrated by the corporation. After the corporation has become insolvent and a receiver has been appointed, the rights of creditors would be affected if the defendant were permitted to assert the fraud of the corporation as a bar to the proceeding to enforce his liability as a stockholder, and the cases cited hold that to escape liability the defendant must have exercised a high degree of diligence to ascertain the facts and rescind the subscription for the stock, or the contract for the sale thereof, before the rights of creditors have intervened. The receiver represents creditors as well as the corporation and, although the defendant might set up the fraud as a complete defense to an action by the corporation to recover the purchase price of the stock, in an action by the receiver he must go further and allege and prove the

exercise of the same degree of diligence as is requisite when the action is to enforce stockholder's liability.

In Atwater v. Stromberg and Provan v. Bondeson, the basis of the action was a promissory note given to the corporation for stock purchased from it, and the court applied the rule governing actions to enforce the liability of a stockholder, and the same rule is applicable in the case at bar.

In Bartlett v. Stephens, supra, this language was used:

"It may be too broad a statement to say that one who has been induced by fraud to acquire stock in a corporation, can in no case be relieved from liability by proceedings taken after the bankruptcy of the concern. The bankruptcy might follow so closely on the heels of the fraud that no amount of diligence could have relieved him before it came. But, if there can be relief from liability in any such case, it is only when there is no laches or estoppel."

In the case at bar the evidence would not warrant a holding that, as a matter of law, defendant had failed to exercise the required degree of diligence. The trial court properly submitted that question to the jury, and a finding that defendant had not been guilty of laches and was not estopped from obtaining a rescission is justified by the evidence.

No other point raised in plaintiff's brief is of sufficient merit to require discussion.

Order affirmed.