FRANK C. BARNES v. NELS NELSON.[1]

January 17, 1930.

No. 27,635.

[1]Reported in 228 N. W. 917.

*Eriksson & Zumwinkle,* for appellant.
*Anton Thompson,* for respondent.

OLSEN, C.

Defendant appeals from an order striking out his answer as sham and frivolous. The plaintiff is the receiver of the Fergus Ice Cream Company, an insolvent corporation, and brings this action to recover $400 levied by the court as an assessment upon stock of the corporation stated to be owned by the defendant.

The defense presented is in substance that defendant purchased eight shares of stock of the par value of $400 in this corporation in February, 1920; that he was induced to purchase the stock by fraudulent representations made to him by an officer of the corporation; that he did not discover the fraud until late in 1921 or early in 1922; and that promptly upon discovery of the fraud and before the corporation was adjudged bankrupt he offered to surrender his stock to the corporation and demanded the return of the money paid by him therefor. He seeks to excuse his failure sooner to discover the fraud by stating that he made numerous inquiries of the officers of the corporation as to its affairs and was informed that it was making substantial progress and earning profits; that he demanded reports but was informed that the rush of business and insufficiency of help made it impracticable to furnish same. He gives no reason why further steps to obtain a rescission were not taken.

The record discloses further that in the action for appointment of the receiver and levying of the assessment all the stockholders were made parties and practically all appeared and answered. They opposed the appointment of a receiver and opposed any assessment. In the original and amended answer therein all answering defendants, including this defendant, admitted that they were stockholders of the corporation and admitted the number of shares owned by each of them, but denied that one John Maurin was such stockholder.

The corporation was adjudged bankrupt on March 18, 1922. The bankruptcy proceeding resulted in the discovery of no assets to pay unsecured claims and was closed. The receivership proceeding was commenced in January, 1923. The assessment against stockholders was made by the court in August, 1926. An appeal from the order of assessment was taken to this court and affirmed by opinion in Barnes v. Campbell, 174 Minn. 192, 218 N. W. 887.

As between the defendant and this corporation, the offer to return the stock and the demand for repayment of the money paid therefor was probably sufficient foundation for a claim of rescission or for an action to rescind. But as against a receiver representing creditors different rules apply. Creditors of the corporation have no notice of and no part in such an attempted rescission.

As to creditors who had acquired their rights prior to the attempted rescission, sufficient diligence is not shown. As to all creditors, such attempted rescission is ineffective unless the stockholder promptly takes all necessary steps to have his stock canceled and his relation as stockholder terminated, so that creditors may be able to ascertain his position. It has been held in some cases that the insolvency or bankruptcy of the corporation may follow so closely the purchase of the stock that the stockholder has not had a reasonable time to ascertain the fraud practiced upon him or to take steps to have his relation as stockholder terminated before the ensuing failure of the corporation. Such is not this case. Here the defendant remained a stockholder for nearly two years before the attempted rescission. At least two months more time expired before the corporation failed. Not until his answer was interposed in his action, in 1928, did defendant, in any legal proceeding, interpose the defense now presented. In the meantime he had taken part in a lengthy legal contest before the courts as to the right of creditors to have a receiver appointed and to have an assessment levied against the stockholders and in that action admitted of record that he was a stockholder.

The case of Bartlett v. Stephens, 137 Minn. 213, 163 N. W. 288, 289, seems decisive of this case. Defendant Stephens, in that case, purchased his stock in March, 1914. He discovered that he had

been defrauded in August, 1914, and thereupon tendered back his stock and demanded repayment of his money. The corporation agreed to take back the stock but failed to do so. The corporation thereafter failed and a receiver was appointed in August, 1915. This court held that there was no complete agreement for a cancelation of the stock on the books of the company. The court said [137 Minn. 215]:

"The question that confronts us then is this: Can a stockholder, who has been induced to become such by fraud on the part of the corporation, relieve himself of his liability for debts of the corporation by notice of rescission and tender of return of the stock and an executory agreement of the corporation to accept the surrender? It is clear that he cannot. * * * It may be that if the stockholder has been induced to become such by the fraud of the corporation and takes seasonable steps while the corporation is a going concern to rescind and to purge the corporate records of his name as a stockholder, he may be relieved of liability."

The case goes on to discuss the constitutional liability imposed and the question of rights of creditors and the degree of diligence required as against creditors. It clearly holds that as against an action by the receiver the fact that the stockholder had, prior to the insolvency of the corporation, offered to surrender his stock and demanded repayment of his money, even where the corporation had agreed to take back the stock, is not a sufficient rescission to relieve the stockholder from liability. The fact that in the Bartlett case the question came here because the court refused to receive the evidence and directed a verdict in favor of the receiver, and that in our present case the court struck out the answer, does not operate to distinguish the cases. The Bartlett case was followed and approved in Henderson v. Crosby, 156 Minn. 323, 194 N. W. 641, and Clark v. Wilder, 157 Minn. 449, 196 N. W. 563. Earlier cases in point are Dunn v. State Bank, 59 Minn. 221, 61 N. W. 27; Olson v. State Bank, 67 Minn. 267, 69 N. W. 904; Atwater v. Stromberg, 75 Minn. 277, 77 N. W. 963.

We conclude that the answer stated no defense and was properly stricken out.

The question whether defendant is estopped from setting up the defense here in question because of his long participation in the receivership litigation as a stockholder, and his admission therein that he was a stockholder, does not require further consideration.

Order affirmed.

HILTON, J. took no part.