# CHIPPEWA COUNTY STATE BANK, BY A. J. VEIGEL, v. A. E. KIEF.[1]

January 31, 1930.

No. 27,474.

[1]Reported in 229 N. W. 130.

*Daly & Barnard,* for appellant.

*C. D. Bensel, W. W. Merrill, C. A. Fosnes* and *Clarence A. Rolloff,* for respondent.

OLSEN, C.

Defendant appeals from the judgment herein.

The action was brought by A. J. Veigel, as commissioner of banks in charge of the liquidation of the Chippewa County State Bank, to recover the sum of $6,500 and interest on a promissory note given by Phillip Kief to the bank in part payment for the purchase of 151 shares of the bank's stock. Phillip Kief died during the pendency of the suit, and his administrator was substituted as defendant. For convenience Phillip Kief will hereinafter be referred to as defendant.

The defense interposed was that the purchase of the bank stock was induced by fraudulent representations and fraud on the part of officers and agents of the bank; that the stock purchased was of no value; that there was no consideration for the note, and because of the fraud and want of consideration defendant asked that the note be canceled. The answer tendered a return of the stock to the bank. As a counterclaim it was alleged that at the time he purchased the stock, in addition to the note in question, defendant paid to the bank the sum of $23,700 as the balance of the purchase price of the stock, and he asked recovery of the amount so paid as damages on account of the fraud and want of consideration.

The case was tried to the court without a jury. The court found that the note sued upon was obtained by fraudulent representations and fraud on the part of the bank and was without consideration,

and ordered judgment to the effect that plaintiff was not entitled to recover thereon and that the note be canceled. As to the counterclaim, the court found in substance that the evidence was insufficient to sustain a recovery thereon by defendant. After the appeal by plaintiff, hereinafter considered, judgment was entered on these findings and conclusions.

The present appeal challenges the court's findings, conclusions of law and judgment in so far as the same deny recovery by defendant on his counterclaim. A careful consideration of the pleadings and evidence leads to the conclusion that the court was right in denying such recovery. Defendant purchased his stock and paid the money therefor to the bank shortly prior to March 23, 1921, perhaps in January, 1921. The bank was in difficulty and insolvent at that time but was a going concern and continuing in business. It failed and was taken over by the then superintendent of banks on July 21, 1921. The fraudulent representations relied upon by defendant were that at the time he purchased his stock the bank was solvent and in good condition; that its assets greatly exceeded its liabilities; and that its capital stock was worth $200 per share. Defendant must have known, and is chargeable with knowledge, that these representations were untrue, when he was informed of the closing of the bank on July 21. He disclaims actual knowledge of the fraud until in September, 1921.

After the bank closed negotiations among stockholders and depositors were undertaken for the purpose of reopening and continuing the bank. Defendant personally took little, if any, part in such negotiations. His son and son-in-law were interested in the bank. He relied to some extent on them in purchasing the stock and in the transaction. The negotiations for reopening the bank resulted in an agreement by which the depositors agreed to accept a 20 per cent reduction of their claims and the stockholders agreed to pay in an assessment upon their stock. Defendant was unable to pay the assessment upon his stock and, in place thereof surrendered his stock in order, as he says, to keep the bank going. Other parties acquired stock and put money into the bank, and it was reopened for business in June, 1922. The bank then continued

in business until May 29, 1924, when it was closed and taken over for liquidation by the banking department and is being finally liquidated.

Neither in the answer nor in the evidence is there any claim that defendant took any other legal steps to rescind his purchase of stock until his answer was interposed herein some considerable time after May 29, 1924. His surrender of his stock to the bank in place of paying, or in payment of, the assessment thereon is more in the nature of an affirmance of the purchase than a repudiation or attempt to rescind. After the bank became insolvent and was taken over by the commissioner of banks for liquidation, even an attempted prior rescission is insufficient as a defense to recovery on a note given for stock or as a cause of action to recover money paid for stock, unless prompt legal action has been taken to obtain a rescission, or unless the failure of the bank follows so closely after the stock purchase that there has not been reasonable opportunity to discover the fraud and seek rescission. The rights of creditors have attached and are superior to the rights of those who have failed to have the fraudulent transaction promptly set aside.

The evidence in the present case shows as a matter of law that the defendant is not entitled to recover on his counterclaim, and the court was right in denying recovery thereon. Dunn v. State Bank of Minneapolis, 59 Minn. 221, 61 N. W. 27; Olson v. State Bank, 67 Minn. 267, 69 N. W. 904; Palmer v. Bank of Zumbrota, 72 Minn. 266, 75 N. W. 380; Atwater v. Smith, 73 Minn. 507, 76 N. W. 253; Atwater v. Stromberg, 75 Minn. 277, 77 N. W. 963; Langworthy v. C. C. Washburn F. M. Co. 77 Minn. 256, 79 N. W. 974; State ex rel. Pope v. Germania Bank, 90 Minn. 150, 95 N. W. 1116; Randall Printing Co. v. Sanitas M. W. Co. 120 Minn. 268, 139 N. W. 606, 43 L.R.A. (N.S.) 706; Bartlett v. Stephens, 137 Minn. 213, 163 N. W. 288; Henderson v. Crosby, 156 Minn. 323, 194 N. W. 641; Wilcox Trux, Inc. v. Rosenberger, 156 Minn. 487, 195 N. W. 489; Clark v. Wilder, 157 Minn. 449, 196 N. W. 563; Provan v. Bondeson, 157 Minn. 478, 196 N. W. 659; Zander v. Schackel, 161 Minn. 116, 201 N. W. 308; Woodward v. Sonnesyn, 162 Minn. 397,

203 N. W. 221; Rathbun v. Goldman, 164 Minn. 507, 205 N. W. 436; Markville State Bank v. Steinbring, 179 Minn. 246, 228 N. W. 757; Sullivan v. State Bank of Morton, 179 Minn. 161, 228 N. W. 603; Barnes v. Nelson, 179 Minn. 259, 228 N. W. 917.

It is suggested that the condition of the bank as to assets was improved by the receipt of defendant's money and that the bank's condition was as good or better when it finally failed than when defendant purchased his stock. In the meantime however, with defendant's money in the bank as apparent valid assets, new stockholders had come in, new deposits therein had been made, and no doubt new depositors and creditors acquired. The bank could hardly continue in business for two years without numerous changes in creditors and deposit accounts. To permit defendant now to change his status so as to become a creditor of the bank to the extent of $23,700 would clearly prejudice the rights of all other creditors.

Plaintiff made a motion for a new trial, challenging the correctness of the court's finding and conclusion that he was not entitled to recover on the note in suit. The motion was denied, an appeal taken therefrom to this court, and the decision on such appeal reported in Chippewa County State Bank v. Kief, 172 Minn. 412, 215 N. W. 833, where the order denying the motion for a new trial was affirmed. The question of defendant's counterclaim was not there before this court. Plaintiff could not raise any issue as to the counterclaim which had been decided in his favor, nor could defendant do so on that appeal. An examination of the record on the former appeal indicates that the only question raised was the sufficiency of the evidence to justify the finding of the court that the note sued upon was obtained by fraudulent representations made by officers and agents of the bank. The decision goes no further than to hold that there was evidence sufficient to sustain such finding. The question of estoppel, or the effect of defendant's conduct as against the rights of creditors, after the bank went into the hands of the commissioner for liquidation, was not raised or considered. The decision on the former appeal is the law of the case as far as it goes but has no particular application to questions

not there raised or considered. Kramer v. N. W. Elev. Co. 97 Minn. 44, 106 N. W. 86; Standard Lithographing Co. v. Twin City M. S. Co. 145 Minn. 5, 176 N. W. 347.

■ It is urged that the finding and conclusion of the trial court, that defendant on account of the fraud was not liable on the note, and its finding and conclusion that defendant was not entitled to recover on his counterclaim, are inconsistent. Granting that this may be so, it does not furnish grounds for reversal of the judgment in the situation presented. Finding the evidence upon the question of defendant's right to recover on the counterclaim conclusive against him, we should not reverse the judgment on the ground that another finding of the trial court, not now questioned, may be inconsistent with the right conclusion reached by the trial court on the question now before use.

Judgment affirmed.

